RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED Y-S
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. M
DATE 12/19-03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2003 DEC 19 P 1: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

------------------------------x
Nextel Communications of the Mid-Atlantic, Inc. :
d/b/a Nextel Communications

         Plaintiff, :

vs. : **CIVIL ACTION NO.**

The Town of Hanson, Massachusetts and the
Massachusetts State Board of Building Regulations :
and Standards

         Defendants :

Mr. and Mrs. Stephen DeFrancesco, Marston Realty
Trust and Hirschfeld Communications LLC, :

         Proposed Intervenors :
------------------------------x

03 CV 12563 DPW

MAGISTRATE JUDGE Bowler

## COMPLAINT

The plaintiff Nextel Communications of the Mid-Atlantic, Inc., d/b/a Nextel Communications ("Nextel"), by and through its attorneys, Devine, Millimet & Branch, Professional Association, complains of the defendants as follows

1.     This matter arises out of a final action by the defendant Massachusetts State Board of Building Regulations and Standards (the "State Board") which denied Nextel permission to replace an existing roof-mounted antenna tower in the Town of Hanson, Massachusetts (the "Town"), with a new tower capable of supporting its wireless telecommunications antennas. It also involves the interpretation and implementation of a Consent Decree issued by this Court in Civil Action No. 00-CV-11417-DPW, which Decree entered judgment in favor of Nextel and issued a special permit to Nextel to allow it to build the tower in accordance with specific plans, subject only to the conditions specified therein.

## PARTIES

2. Nextel is a corporation organized and existing under the laws of the State of Delaware which is licensed to provide wireless telecommunications services. Nextel has a regional office at 40 Hartwell Avenue, Lexington, Massachusetts.

3. The Town is a municipal corporation having its principal place of business in Hanson, Massachusetts.

4. The State Board is an instrumentality of Massachusetts with a principal place of business at One Ashburton Place, Room 1301, Boston, Massachusetts.

5. Proposed intervenors Mr. and Mrs. Stephen DeFrancesco (the "DeFrancescos") live next door to the site of the proposed replacement tower and have been actively seeking to block its construction ever since Nextel first proposed it. They purchased the property in 1983, long after the existing tower had already been built. They claim to be aggrieved by the Consent Decree.

6. Proposed intervenor Hirschfeld Communications LLC ("Hirschfeld") is a developer of radio and television towers which makes money by building such towers and then leasing space thereon to federally licensed providers of radio and television services, including providers of "personal wireless services" as that term is defined by federal law. Its only interest in the outcome of this matter is to try to prevent Nextel from implementing the Consent Decree entered in this Court because it believes it can thereby force Nextel to lease space on a taller tower which the Town has allowed Hirschfeld to build on a parcel of land known as 131 Phillips Street, Hanson, Massachusetts, approximately two miles from Nextel's proposed site.

7. Proposed intervenor Marston Realty Trust ("Marston Realty") owns the land on which the Hirschfeld tower is located. To the extent it has any interest in the outcome of this

matter, it is to increase the rents which Hirschfeld will receive, perhaps because it will share in some or all of such rents. In any event, Marston Realty, through its counsel, also has been actively trying to block implementation of the Consent Decree since at least June 2001.

8. Neither the Town nor any of the proposed intervenors have ever filed a motion to modify or vacate the Consent Decree.

## JURISDICTION AND VENUE

9. To the extent review is sought of a final action of an instrumentality of a State, this civil action arises under those provisions of Section 704 of the Telecommunications Act of 1996 (the "TCA") which provide, in pertinent part, that "[a]ny decision by a State . . . or instrumentality thereof to deny a request to . . . construct . . . personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record," 47 U.S.C. §332(c)(7)(B)(iii), and that "[a]ny person adversely affected by any final action . . . by a State or . . . or instrumentality thereof that is inconsistent with this paragraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis." 42 U.S.C. §332(c)(7)(B)(v).

10. In addition, this action involves a request to have this Court issue additional relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and the All Writs Act, 28 U.S.C. § 1651, in order to aid in the implementation of the Consent Decree.

11. Jurisdiction is based on 28 U.S.C. §1331 which grants this Court original jurisdiction over all civil actions arising under the laws of the United States. In addition, this Court has supplemental jurisdiction over Nextel's state law claim pursuant to 28 U.S.C. §1367.

12. Venue is proper pursuant to 28 U.S.C. § 1392 (b) (1), in that the defendants reside in this district and pursuant to 28 U.S.C. § 1391 (b) (2), in that a substantial part of the events or omissions giving rise to the claim occurred here.

## ALLEGATIONS COMMON TO ALL COUNTS

13. In July 2000, after the Town denied Nextel permission to replace an existing roof-mounted tower with a new tower capable of supporting Nextel's antennas, Nextel commenced an action entitled Nextel Communications v. Town of Hanson, et al, Case No. 00-CV-11417-DPW ("the Prior Litigation"), alleging that the denial violated Nextel's rights under the TCA. After Nextel had filed for summary judgment, the Town agreed to allow Nextel to replace the existing tower. The Consent Decree memorializing the parties' agreement was entered in this Court on April 19, 2001.

14. Among other things, the Consent Decree specified that Nextel would be allowed to construct the tower in accordance with plans that Nextel had submitted to the Town. Those plans specified the exact location of the tower and thus settled any question regarding the placement thereof.

15. When Nextel attempted to implement the Consent Decree and build the replacement tower this past winter, its efforts were thwarted by the Town. At first, the Town demanded that Nextel submit its proposal to site plan review. The Town eventually relented from this demand but then, through its building inspector, took the position that the replacement tower was a roof-mounted "antennal structure" within the meaning of the State Building Code; that as an "antennal structure," it was subject to a set-back requirement contained in the Code; that the proposed "antennal structure" did not meet this setback requirement; and, that therefore no building permit would be issued.

16. The language of the Code relied upon by the Town is found in 780 CMR § 3109.1, a section which is entitled "[Building] Permits not Required" and is limited in scope to roof installation of "antennal structures" which are "not more than 12 feet . . . in height [and are to be used] for private radio and television reception." Neither that provision nor any other provision in 780 CMR § 3109 has any applicability here. Nextel is not proposing to build an "antennal structure," or, for that matter, any structure which is "not more than 12 feet . . . in height for private radio or television reception." Rather, the Consent Decree allows Nextel to build a structure designed to support its commercial radio antennas, i.e., a "Radio . . . Tower" which is governed by 780 CMR § 3108, and not 780 CMR § 3109.1.

17. Nextel concluded that the Town was going out of its way to thwart the April 2001 settlement which it had agreed to and which this Court approved. Accordingly, on or about April 18, 2003, Nextel moved to enforce the Consent Decree.

18. On June 19, 2003, this Court issued a procedural order in response to Nextel's motion to enforce the consent judgment (and other pending matters) (the "Order"). The Order directed the building inspector of the Town of Hanson to "forthwith make and issue a redetermination" of the earlier ruling by which he decided that Nextel would not be allowed to construct its replacement tower. The Order contemplated that Nextel would then appeal such redetermination to the State Board so that the Board could vote on the interpretation of the Code provisions at issue. The Order also held in abeyance a motion to intervene which had been filed by the DeFrancescos, Marston Realty and Hirschfeld.

19. Two and a half weeks later (July 8, 2003), the building inspector issued the re-determination, and on or about July 17, 2003, Nextel filed a timely appeal from the redetermination with the State Building Code Appeals Board. Pursuant to Massachusetts statute

(Mass.Gen.L. ch. 143, § 100) the Board was required to hold a hearing within thirty (30) days of Nextel's filing (i.e., by August 17, 2003) and then to issue a written decision within thirty (30) days thereafter.

20. The Appeals Board scheduled a hearing on Nextel's appeal on September 11, 2003, nearly a month beyond the statutory requirement. A hearing was held on that date before three members of the eleven-member Board, in accordance with procedures specified in state statute, and the Board then took the matter under advisement. Despite the statutory requirement that a decision be issued within thirty (30) days of the hearing, no such written decision was received by the parties within said timeframe.

21. On October 29, 2003, Nextel filed a Second Motion to Enforce Consent Judgment seeking an order directing the Town to issue the building permit sought by Nextel without further delay. At the time the Second Motion was filed, the State Board's written decision was already nearly three weeks overdue.

22. On November 3, 2003, the Court denied Nextel's Second Motion to Enforce Consent Judgment without prejudice to renew provided the State Board was joined as a party to the Prior Litigation.

23. Nextel accordingly moved to join the State Board as a defendant in the Prior Litigation and on December 1, 2003, the Court issued an order to show cause which provided, inter alia, that the State Board would be required to show cause why Nextel should not be allowed to proceed with construction of its proposed tower.

24. On December 2, 2003, Nextel served the Order to Show Cause upon the State Board and the Town, as well as upon counsel for Mr. and Mrs. DeFrancesco, Marston Realty

-6-

Trust and Hirschfeld Communications, who had previously sought to intervene in the Prior Litigation.

25. On December 3, 2003, in response to the Order to Show Cause, the State Board issued a written decision, a copy of which is annexed hereto as Exhibit A (the "Decision"). The Decision upholds the interpretation of the Building Code adopted by the Town. It reflects that the Board had held deliberations on November 6, 2003, but did not issue any written decision thereafter. The Decision also reflects that the Chair of the three-member panel of the Board felt that the language of the Building Code regulations were "somewhat ambiguous," and that another member felt Nextel's proposed tower "more closely resembled a tower" than an antenna. Despite this, the three panel members voted unanimously to reject Nextel's appeal.

26. At the hearing held on the Order to Show Cause on December 10, 2003, the Court issued rulings to the effect that the State Board's Decision amounts to a final action reviewable under the "substantial evidence" standard pursuant to 47 U.S.C. § 332 (c)(7)(B)(iii), and that Nextel should bring a separate action pursuant to that federal statute to obtain this Court's review of the State Board's decision.

27. The Town's interpretation of the Building Code, as belatedly upheld by three members of the State Board, cannot be sustained. It is plain from the face of Section 3109 that the setback requirements (and all other provisions thereof) apply only to roof-mounted "antennal structures," and that Subsection 3109.1, relied on by the Town and the State Board, applies only when such structures are less than twelve feet tall, are intended for private use and are exempt from building permit requirements. Here, Nextel is not proposing to mount a private television antenna on a roof but rather replace an existing roof-mounted tower with a new tower, to which antennas designed for commercial mobile radio services will then be attached. This structure is

not governed by Section 3109 at all, but rather by the previous section, 780 CMR § 3108, which governs the construction of all towers and imposes strict engineering and safety requirements.

### AS AND FOR A FIRST CAUSE OF ACTION - VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(iii)

28. Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 27 of this Complaint as though fully alleged herein.

29. The Board's denial of authorization to Nextel to place the proposed commercial radio antenna tower as shown on the plans submitted by Nextel was not supported by "substantial evidence contained in a written record" as required by 47 U.S.C. §332 (c)(7)(B)(iii).

30. Nextel is entitled to an injunction directing the Town to issue a special permit and all other permits and approvals necessary for tower construction to proceed.

### AS AND FOR A SECOND CAUSE OF ACTION VIOLATION OF MASSACHUSETTS STATE LAW

31. Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 30 of this Complaint as though fully alleged herein.

32. The decision of the State Board was arbitrary, capricious, unreasonable and in excess of its authority.

33. Nextel is entitled to a determination that the State Board's determination is invalid under Massachusetts law and is annulled, and to an injunction directing the Town to allow Nextel to construct its proposed antenna tower.

### AS AND FOR A THIRD CAUSE OF ACTION DECLARATORY AND INJUNCTIVE RELIEF

34. Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 33 of this Complaint as though fully alleged herein.

35. The Consent Decree entered a judgment in favor of Nextel and imposed a federal remedy based upon a stipulated violation of the TCA.

36. Under such circumstances, all otherwise applicable state laws, including the Building Code, became preempted to the extent they might be inconsistent with the remedy imposed by the Consent Decree.

37. Paragraph 3 of the Consent Decree required Nextel to submit proof of structural integrity but did not otherwise reserve to the Town any authority or discretion over the placement or construction of the replacement tower. Any effort by the Town to invoke other state or local laws or regulations in order to limit Nextel's right to place or construct the tower in accordance with the Consent Decree is preempted.

38. Nextel is entitled to a declaration pursuant to 28 U.S.C. § 2201, that under the circumstances of this case the State Building Code is preempted to the extent it has been or might be applied in a manner which prohibits Nextel from placing or constructing the tower as specified, and to an injunction pursuant to 28 U.S.C. § 1651, enjoining the defendants and the proposed intervenors from taking any further action or refusing to take any further action that would prevent the placement or construction of the Nextel tower as contemplated by the Consent Decree.

**WHEREFORE**, Nextel respectfully requests that this Honorable Court:

A. Declare that the decision of the State Board was not supported by substantial evidence in a written record and therefore must be reversed;

B. Declare that the decision of the State Board was arbitrary and capricious and in excess of its authority under state law, and is therefore annulled;

C.  Declare that the Massachusetts State Building Code, Chapter 143 of the Massachusetts General Laws and all regulations promulgated thereunder are preempted and are of no force or effect to the extent that the same limit or prohibit Nextel from the placement or construction of the proposed tower as contemplated by the Consent Decree;

D.  Issue an injunction ordering the Town of Hanson, the State Building Code Appeals Board and the proposed intervenors immediately to take all further actions necessary to implement the Consent Decree, including the issuance of a building permit, and to refrain from taking any further action inconsistent with said Decree; and,

E.  Grant such other and further relief as may be just and equitable.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS**

By their attorneys,

**DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION**

Dated: December 19, 2003        By: *[signature]*
Steven E. Grill, Esquire
111 Amherst Street, P.O. Box 719
Manchester, NH 03105-0719
(603) 669-1000

## CERTIFICATE OF SERVICE

    I hereby certify on this 19th day of December 2003, a copy of the foregoing Complaint was served upon Katharine Doyle, Esquire, counsel for the Town; Assistant Attorney General John Hitt, counsel for the State Board; Anthony Feeherry, Esquire, counsel for Marston Realty Trust and Hirschfeld Communications, LLC; and, Paul J. Moriarty, Esquire, counsel to Mr. and Mrs. DeFrancesco.

*[signature]*
Steven E. Grill, Esquire

J:\wdox\docs\clients\10339\55130\M0533485.DOC