UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
------------------------------------x
Nextel Communications of the Mid-Atlantic, Inc.   :
d/b/a Nextel Communications
                                                  :
             Plaintiff,
                                                  :
      vs.                                             CIVIL ACTION NO.
                                                  :   03-12563-DPW
The Town of Hanson, Massachusetts and the
Massachusetts State Board of Building Regulations :
and Standards
                                                  :
             Defendants
                                                  :
Mr. and Mrs. Stephen DeFrancesco, Marston Realty
Trust and Hirschfeld Communications LLC,          :

             Proposed Intervenors :
------------------------------------x
```

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**NOW COMES** the plaintiff Nextel Communications of the Mid-Atlantic, Inc. d/b/a Nextel Communications ("Nextel") and respectfully moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of its motion, Nextel states as follows:

1.  Nextel is licensed by the federal government to provide commercial mobile radio services which are within the definition of personal wireless services ("PWS") contained in 47 U.S.C. § 332 (c)(7)(C).

2.  On or about July 19, 2000, Nextel commenced an action in this Court, Case No. 00-CV-11417-DPW (the "Prior Litigation"), alleging that the Town's refusal to allow Nextel to replace an existing radio tower with a new tower capable of supporting Nextel's antennas

violated Section 704 of the Telecommunications Act of 1996, 47 U.S.C. § 332 (c)(7)(B) (the "TCA").

3. After Nextel filed a motion for summary judgment in the Prior Litigation, the Town agreed to settle the matter by allowing Nextel to build the tower in accordance with the plans that it had submitted to the Town, and a consent decree memorializing these settlement terms was entered in this Court on April 19, 2001 (the "Consent Decree"). However, when Nextel attempted to implement the Consent Decree and build the replacement tower this past winter, its efforts were thwarted by the Town.

4. Among other things, the Town took the position, and the State Board of Building Code Appeals eventually agreed, that Nextel's proposed tower was, in fact, an "antenna" that could not be placed or constructed as specified in the Consent Decree.

5. Nextel now asks for summary judgment on the ground that the proceedings before the State Board were preempted under the Brehmer doctrine; that the Board's Decision was not supported by substantial evidence contained in a written record as required by federal law; and, that the Board's Decision was contrary to state law.

6. Summary judgment is an appropriate vehicle for resolution of Nextel's claims, particularly since the TCA provides that Nextel in entitled to expedited review of the denial of its application. 47 U.S.C. §332(c)(B)(v). This action is, in essence, an administrative review based on the record developed before the State and Town agencies, and as such, no disputed issues of fact are involved.

7. In further support of this Motion, Nextel respectfully submits herewith a Memorandum of Law. Nextel also incorporates herein by reference the pleadings and record

established in the Prior Litigation, (Case No. 00-CV-11417-DPW) and the written record developed before the State Board.

**WHEREFORE** Nextel respectfully requests that this Honorable Court:

A.    Declare that the decision of the State Board was not supported by substantial evidence in a written record and therefore must be reversed;

B.    Declare that the decision of the State Board was arbitrary and capricious and in excess of its authority under state law, and is therefore annulled;

C.    Declare that the Massachusetts State Building Code, Chapter 143 of the Massachusetts General Laws and all regulations promulgated thereunder are preempted and are of no force or effect to the extent that the same limit or prohibit Nextel from the placement or construction of the proposed tower as contemplated by the Consent Decree;

D.    Issue an injunction ordering the Town of Hanson, the State Building Code Appeals Board and the proposed intervenors immediately to take all further actions necessary to implement the Consent Decree, including the issuance of a building permit, and to refrain from taking any further action inconsistent with said Decree; and,

E.    Grant such other and further relief as may be just and equitable.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS**

By their attorneys,

**DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION**

Dated: December 19, 2003          By: _____
                                      Steven E. Grill, Esquire
                                      111 Amherst Street, P.O. Box 719
                                      Manchester, NH 03105-0719
                                      (603) 669-1000

## CERTIFICATE OF SERVICE

I hereby certify on this 19th day of December 2003, a copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment was served upon Katharine Doyle, Esquire, counsel for the Town; Assistant Attorney General John Hitt, counsel for the State Board; Anthony Feeherry, Esquire, counsel for Marston Realty Trust and Hirschfeld Communications, LLC; and, Paul J. Moriarty, Esquire, counsel to Mr. and Mrs. DeFrancesco.

_____
Steven E. Grill, Esquire

J:\wdox\docs\clients\10339\55130\M0535197.DOC