UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Nextel Communications of the Mid-Atlantic, Inc.    :
d/b/a Nextel Communications

                            :

            Plaintiff,

                            :

     vs.                                     **CIVIL ACTION NO.**
                          :  **03-12563-DPW**

The Town of Hanson, Massachusetts and the
Massachusetts State Board of Building Regulations  :
and Standards

                            :

            Defendants

                            :

Mr. and Mrs. Stephen DeFrancesco, Marston Realty
Trust and Hirschfeld Communications LLC,           :

          Proposed Intervenors :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFF'S STATEMENT OF UNDISPUTED FACT
## PURSUANT TO LOCAL RULE 56.1

      Plaintiff Nextel Communications of the Mid-Atlantic, Inc., d/b/a Nextel Communications

("Nextel"), by and through its attorneys, Devine, Millimet & Branch, Professional Association,

respectfully submits the following statement of undisputed fact pursuant to Local Rule 56.1.[1]

      1.      Nextel is licensed by the federal government to provide commercial mobile radio

services, a type of personal wireless services ("PWS") as that term is defined in 47 U.S.C. §

332(c)(7)(C)(i), in various areas including the Town of Hanson, Massachusetts (the "Town").

---

[1] Because of the unique posture of this case, Nextel is not submitting an affidavit with this Motion.
Nextel respectfully submits that, to the extent this case is not decided on the basis of the written record
developed before the State Board of Building Code Appeals, the additional facts which might be
considered are matters of record in this Court or else are established by affidavits previously submitted in
the related case, Civil Action No. 00-CV-11417-DPW, all of which are incorporated herein by reference.
If, however, defendants or proposed intervenors dispute any fact recited herein, Nextel respectfully
requests that it be allowed an opportunity to supplement the record as appropriate.

2.      On or about July 19, 2000, Nextel commenced an action in this Court, Case No. 00-CV-11417-DPW (the "Prior Litigation"), alleging that the Town's refusal to allow Nextel to replace an existing radio tower with a new tower capable of supporting Nextel's antennas (both the tower and the antennas are within the definition of "personal wireless service facilities" contained in 47 U.S.C. § 332 (c)(7)(C)(ii)) violated various provisions of Section 704 of the Telecommunications Act of 1996, 47 U.S.C. § 332 (c)(7)(B) (the "TCA").

3.      After Nextel filed a motion for summary judgment in the Prior Litigation, the Town agreed to settle the matter by allowing Nextel to build the proposed tower and a consent decree memorializing the settlement terms was entered in this Court on April 19, 2001 (the "Consent Decree"). Conditions were imposed requiring Nextel to provide evidence of the structural integrity of the new tower, but the Town did not otherwise reserve any right to require changes to the placement or construction of the tower as shown as plans which Nextel had previously submitted. Consent Decree at paras. 2, 3.

4.      The entry and implementation of the Consent Decree was (and remains) fully consistent with the national policy embodied in the TCA, which favors the development of seamless and ubiquitous PWS networks and which also favors negotiated resolution of disputes involving the siting of the PWS facilities. See Brehmer v. Town of Wellfleet, 238 F.3d 117, 121 (1st Cir. 2001); Town of Amherst v. Omnipoint Communications, 173 F.3d 9, 16-17 (1st Cir. 1999); Patterson v. Omnipoint, 122 F.Supp. 222, 228 (D.Mass. 2000).

5.      When Nextel attempted to implement the Consent Decree by building the replacement tower this past winter, its efforts were thwarted by the Town. At first, the Town demanded that Nextel submit its proposal to site plan review. The Town eventually relented from this demand but then, through its building inspector, took the position that the replacement

tower was a roof-mounted "antennal structure" within the meaning of the State Building Code; that as an "antennal structure," it was subject to a set-back requirement contained in the Code; that the proposed "antennal structure" did not meet this setback requirement; and, that therefore no building permit could be issued.

6.    The language of the Code relied upon by the Town is found in 780 CMR § 3109.1, a subsection which is entitled "[Building] Permits not Required" and is limited in scope to roof installation of antennal structures "not more than 12 feet . . . in height for private radio and television reception."

7.    Nextel is not seeking to mount an "antenna" or an "antennal structure" on a roof for private purposes, but rather to construct a commercial "Radio . . . Tower" which is a structure governed by 780 CMR § 3108, and not 780 CMR § 3109.1. As the plans incorporated by reference into the Consent Decree indicate, Nextel's antennas are separate devices which will be installed on the tower once it is built. See, e.g., Plans at Sheet A-1.

8.    Nextel concluded that the Town was going out of its way to thwart the April 2001 settlement which it had agreed to and which this Court approved. Accordingly, on or about April 18, 2003, Nextel moved to enforce the consent judgment.

9.    On June 19, 2003, this Court issued a procedural order in response to Nextel's motion to enforce the consent judgment (and other pending matters). The order, among other things, directed the Building Inspector of the Town of Hanson to "forthwith make and issue a redetermination" of the earlier ruling by which he decided that Nextel would not be allowed to construct its replacement tower. The order also contemplated that Nextel would then appeal such redetermination to the State Board so that the Board could rule on the interpretation of the Code provisions at issue.

10.    Two and a half weeks later (July 8, 2003), the building inspector issued the re-determination, and on or about July 17, 2003, Nextel filed a timely appeal from the redetermination with the State Board.  Pursuant to Massachusetts statute (Mass.Gen.L. ch. 143, sec. 100) the State Board was required to hold a hearing within thirty (30) days of Nextel's filing (i.e., by August 17, 2003) and then to issue a written decision within thirty (30) days thereafter.

11.    The State Board scheduled a hearing on Nextel's appeal on September 11, 2003 (nearly a month beyond the statutory requirement).  Then, after holding the hearing before a three-member panel, the State Board took the matter under advisement.  Despite the statutory requirement that a decision be issued within thirty (30) days of the hearing, the Board did not take any further action on Nextel's appeal.

12.    On October 29, 2003, Nextel filed a Second Motion to Enforce Consent Judgment (the "Second Motion") seeking a Court Order directing the Town to issue the building permit sought by Nextel without further delay.  As of the time the Second Motion was filed, the State Board's written decision was nearly three weeks overdue.

13.    On November 3, 2003, the Court denied Nextel's Second Motion to Enforce Consent Judgment without prejudice to renew provided the State Board was joined as a party to the Prior Litigation.

14.    Nextel accordingly moved to join the State Board as a defendant in the Prior Litigation and on December 1, 2003, the Court issued an order to show cause which required the State Board to explain why Nextel's Second Motion to Enforce Consent Judgment should not be enforced.

15.    Nextel caused the Order to Show Cause to be personally served on December 2 upon the State Board and the Town, as well as upon counsel for Mr. and Mrs. DeFrancesco,

Marston Realty Trust and Hirschfeld Communications, who earlier had sought to intervene in the Prior Litigation.

16.    On December 3, 2003, in response to the Order to Show Cause, the State Board issued its written decision, which upheld the interpretation of the Building Code made by the Hanson building inspector ("the Decision.") The Decision reflects that the Board had held deliberations on November 6, 2003 but did not issue any written decision at that time. The Decision also reflects that the chair of the three-member panel of the Board which had heard Nextel's appeal felt that the language of the Building Code is "somewhat ambiguous." Another member of the panel felt that the proposed tower "resembled a tower rather than an antenna." Despite this, all three members of the panel voted to deny Nextel's appeal.

17.    At the hearing held on the Order to Show Cause on December 10, 2003, the Court issued rulings to the effect that the State Board's decision amounts to a final action reviewable under the "substantial evidence" standard pursuant to 47 U.S.C. § 332 (c)(7)(B)(iii) and that Nextel should bring a separate action pursuant to that statute to obtain this Court's review of the State Board's decision.

18.    Submitted separately as an Appendix to this Statement are: Exhibit A - Nextel's appeal to the State Board; Exhibit B - the documents filed by the Hanson Building Inspector in response to Nextel's appeal; and, Exhibit C - the response of the proposed intervenors to Nextel's appeal. Nextel has not yet obtained copies of the audio tapes of the proceedings before the State Board (formally requested on December 4, 2003) or an identification from the State Board of additional exhibits which were or may have been considered by the State Board, and thus respectfully reserves the right to supplement the record as appropriate.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS**

By their attorneys,

**DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION**

Dated: December 19, 2003        By: _____

Steven E. Grill, Esquire
111 Amherst Street, P.O. Box 719
Manchester, NH 03105-0719
(603) 669-1000

## CERTIFICATE OF SERVICE

I hereby certify on this 19th day of December 2003, a copy of the foregoing Statement of Undisputed Fact Pursuant to Local Rule 56.1 was served upon Katharine Doyle, Esquire, counsel for the Town; Assistant Attorney General John Hitt, counsel for the State Board; Anthony Feeherry, Esquire, counsel for Marston Realty Trust and Hirschfeld Communications, LLC; and, Paul J. Moriarty, Esquire, counsel to Mr. and Mrs. DeFrancesco.

_____
Steven E. Grill, Esquire

J:\wdox\docs\clients\10339\55130\M0534384.DOC