LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

WILLIAM HEWIG III
JEANNE S. McKNIGHT

KATHLEEN M. O'DONNELL
SANDRA M. CHARTON
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. MCENANEY
KATHARINE GOREE DOYLE
GEORGE X. PUCCI
LAUREN F. GOLDBERG
JASON R. TALERMAN
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
LISA C. ADAMS
ELIZABETH R. CORBO
MARCELINO LA BELLA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
LAURA H. PAWLE
TODD A. FRAMPTON
JACKIE COWIN

# KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

September 11, 2003

Commonwealth of Massachusetts
Board of Building Regulations and Standards
State Building Code Appeals Board
CERC Building
Paul A. Dever State School
1380 Bay Street
Taunton, MA 02780

Attention: Ms. Patricia Brennan, Program Manager

Re:   Appeal Application of Nextel Communications
      Site: 141R Liberty Street, Hanson, Massachusetts

Dear Ms. Brennan:

This office represents Michael Kennedy, Building Inspector of the Town of Hanson. Nextel Communications has filed an appeal with your Board from a decision of the Building Inspector denying a permit to Nextel for the erection of a cellular tower at 141R Liberty Street, Hanson, Massachusetts.

The position of the Building Inspector derives from the plain language of the State Building Code. The provision on which the Building Inspector relies in denying the application for a building permit states as follows:

> A building permit is not required for roof installation of antennal structures not more than 12 feet (3658 mm) in height for private radio or television reception. Such a structure shall not be erected so as to injure the roof covering, and when removed from the roof, the roof covering shall be repaired to maintain weather and water tightness. The installation of any antennal structure mounted on the roof of a building shall not be erected nearer to the lot line than the total height of the antennal structure above the roof, nor shall such structure be erected near electric power lines or encroach upon any street or other public space. (emphasis supplied)

KOPELMAN AND PAIGE, P.C.

Commonwealth of Massachusetts
Board of Building Regulations and Standards
September 10, 2003
Page 2

780 CMR 3109.1.

The regulation clearly states that the installation of "any" roof-mounted antennal structure may not be erected nearer to the lot line than its height above the roof. "A general principle of statutory construction provides that a term should be given its plain and ordinary meaning, unless a contrary legislative intent is demonstrated." Town of Boylston v. Commissioner of Revenue, 434 Mass. 398, 405, 749 N.E.2d 684, 689 (2001).

Rather than interpret the regulation according to its plain meaning, Nextel is asking this Board to edit this sentence and delete the "any" to replace it with "such" so as to refer to the previous sentences relating to private radio or television antennas under twelve feet tall. Neither the Courts nor administrative agencies such as this Board, however, are permitted to add words to a regulation that its drafters "did not see fit to put there." General Elec. Co. v. Department of Envtl. Protection, 429 Mass. 798, 803, 711 N.E.2d 589 (1999) (quoting King v. Viscoloid Co., 219 Mass. 420, 425, 106 N.E. 988 (1914)). The Board may not ""depart from, or otherwise embellish, the language of a statute absent either undeniable textual ambiguity or some other extraordinary consideration, such as the prospect of yielding a patently absurd result." Pritzker v. Yari, 42 F.3d 53, 67-68 (1st Cir.1994). Instead, it is the duty of the Board, where the language of the regulation is clear, to apply it, not amend it. Commissioner of Revenue v. Cargill, Inc., 429 Mass. 79, 82, 706 N.E.2d 625 (1999).

Nextel also contends that its own tall antenna should be governed only by 780 CMR 3109.2, which provides:

> Approval shall be secured for all roof-mounted antennal structures more than 12 feet (3658 mm) in height above the roof. The application shall be accompanied by detailed drawings of the structure and methods of anchorage. All connections to the roof structure shall be properly flashed to maintain water tightness. The design and materials of construction shall comply with the requirements of 780 CMR 3108.3[1] for character, quality and minimum dimension.

Nextel's interpretation of the language of the Building Code simply does not make sense. According to Nextel, the drafters of the Building Code decided that only private radio and television antennas under twelve feet should not be erected nearer to the lot line than their own height or be restricted as to their proximity to electrical power lines, streets or public spaces; whereas, all other antennas over twelve feet need not be restricted as to their proximity to lot lines, power lines, streets or public spaces, despite the increased danger a taller antenna would obviously impose. Caselaw is clear that regulations should not be interpreted so as to yield

---

[1] 780 CMR 3108.3 provides: "All towers shall be constructed of approved corrosion-resistant noncombustible material. The minimum type of construction of isolated radio towers not more than 100 feet (30480 mm) in height shall be Type 4."

KOPELMAN AND PAIGE, P.C.

Commonwealth of Massachusetts
Board of Building Regulations and Standards
September 10, 2003
Page 3

absurd results. Pritzker, 42 F.3d at 68; Sullivan v. Brookline, 435 Mass. 353, 360, 758 N.E.2d 110 (2001).

  Indeed, a regulation should be interpreted so as to achieve a result consistent with its purpose, which, in the case of the State Building Code, is the safeguarding of public safety. In the present appeal, interpreting the Building Code so as to be consistent with its purpose, public safety, merely requires that this Board adhere to the plain language of the Building Code and affirm with the Building Inspector's interpretation that "any" roof-mounted antenna should "not be erected nearer to the lot line than the total height of the antennal structure above the roof, nor shall such structure be erected near electric power lines…". 780 CMR 3109.1

  Thank you for your attention to this matter.

Very truly yours,

Katharine Goree Doyle

KGD/eon
cc: Board of Selectmen
  Building Inspector
  Anthony M. Feeherry, Esq.
  Steven Grill, Esq.
  Paul J. Moriarty, Esq.
201214/HANS/0027