STATE BUILDING CODE APPEALS BOARD

## STATE BUILDING CODE APPEALS BOARD

| | |
|---|---|
| Date: | December 3, 2003 |
| Name of Appellant: | Nextel Communication of the Mid-Atlantic<br>c\o Steven E. Grill, Esq.<br>Devine, Millimet & Branch<br>P. O. Box 719<br>Manchester, NH  03105 |
| Service Address: | Same as above |
| In reference to:<br>Docket Number:<br>Property Address: | <br>03-107<br>**141R Liberty Street<br>Hanson, MA  02341** |
| Dates of Hearings: | **September 11, 2003**<br>(Taken under advisement)<br>**November 6, 2003**<br>(Board member deliberation only) |
| Name of Appellant or<br>Authorized Representative: | Steven E. Grill, Esq. |

    We are pleased to enclose a copy of the decision relative to the above case wherein certain variances from the State Building Code had been requested.

Sincerely:

**STATE BUILDING CODE APPEALS BOARD**

Robert Anderson, Clerk

cc:    State Building Code Appeals Board
        Michael J. Kennedy, Municipal Building Official
        Katherine Doyle, Town Counsel
        Paul J. Moriarty, Counsel for Abutter

## STATE BUILDING CODE APPEALS BOARD

Docket Number: 03-107
Date: December 3, 2003

**Notice to Appellant:**
All hearings are audio-recorded and the audio tape (which is on file at the office of the Board of Building Regulations and Standards) serves as the official record of the hearing. Copies of the audio tape are available from the Board for a fee of $5.00 per copy. Please make requests for copies in writing and attach a check made payable to the Commonwealth of Massachusetts for the appropriate fee. Requests may be addressed to:

> The Board of Building Regulations and Standards
> Building Code Appeals Board
> One Ashburton Place – Room 1301
> Boston, MA  02108-1618
> Attention: Patricia Barry

September 11, 2003 Hearing:

| Present @ Hearing | Representing |
| --- | --- |
| Paul J. Moriarty, Esq. | Counsel for Abutter |
| Steven DeFrancesca | Abutter |
| Michael J. Kennedy | Town of Hanson Building Commissioner |
| Katherine Doyle | Counsel Town of Hanson |
| Steven Grill | Nextel Communication |
| Daniel Rosemark | Nextel Communication |
| Todd Smith | (Unclear on sign-in sheet) |
| Anthony Feeherey | Abutter |
| Steven Osgood | Legal Counsel BBRS |
| Timothee Rodrique | Board of Appeals Member |
| Thomas Gatzunis | Board of Appeals Member |
| Stanley Shuman | Board of Appeals Member |
| Robert Anderson | BBRS Board of Appeals Clerk |

**Summary of hearing:**

All parties were duly sworn prior to offering testimony.

**Background:** In his letter of July 8, 2003 the municipal building official for the Town of Hanson served a notice of violation to the Appellant relative to 780 CMR (the State Building Code, Sixth Edition) Sections 110.1 and 3109.1. Said violations are noted in reference to property located at 141R Liberty Street in Hanson, MA. A copy of the municipal building official's notice of violation is made part of this decision as *Attachment A*.

**Relief Requested:** The Appellant requested that Board members render an interpretation relative to the correctness of the violation. The Appellant contends that the municipal building official has incorrectly classified the structure in question as a *radio\television antenna* subject to

STATE BUILDING CODE APPEALS BOARD

Docket Number: 03-107
Date: December 3, 2003

the provisions of 780 CMR 3109. Rather, according to the Appellant, the structure should be classified as a *radio\television tower* subject to the provisions of 780 CMR 3108.

### History

This case was originally heard on September 11, 2003. The matter was taken under advisement and Board members re-convened on November 6, 2003 to deliberate on the matter. Only evidence presented prior to and\or during the September hearing date was taken into consideration during the deliberation.

This decision details relevant points of the September hearing date and November deliberations. It is not intended to be a verbatim account.

**September 11, 2003 Hearing:**
*For purposes of disclosure, Chairman Gatzunis revealed that he uses a Nextel phone and is happy with the service, but is confident that he is not prejudiced in the case and is able to make a fair and reasoned decision in the matter. Other Board members indicated they have – or do – also use Nextel products, but agreed that they too are able to make a fair assessment of the matter. There were no objections by any party relative to this issue.*

*Additionally, Chairman Gatzunis revealed that case testimony shall be limited to matters of the State Building Code (780 CMR) and that Board members cannot consider testimony relative to zoning or court decisions or decrees that are beyond the jurisdiction of the Board.*

**Appellant:** The Appellant submitted a package of information relative to its position that the structure in question is correctly defined as a tower, not an antenna. Contents of the package are on file at the Office of the Board of Building Regulations and Standards. A summary of the Appellant's position is made part of this decision as *Attachment B* for purposes of clarity.

**Building Official:** The municipal building official testified that he made a decision relative to the matter following a review of pertinent material and a visit to the site. In his estimation the structure is considered an antenna for purposes of enforcement of the building code and is therefore subject to the provisions of Section 3109.

**Board Members:** Chairman Gatzunis noted that the crux of the issue lies with the definition of a tower vs. the definition of an antenna. For the record, the Chairman explained that the State Building Code is based on the 1993 version of the BOCA National Building Code. Publishers of the national code produce a commentary to explain complex technical requirements of the code. The hearings clerk provided Chairman Gatzunis with a copy of the BOCA Commentary

## STATE BUILDING CODE APPEALS BOARD

Docket Number: 03-107
Date: December 3, 2003

text relating to Sections 3108 and 3109 of the code. Chairman Gatzunis read certain portions of the text for consideration by Board members. A copy of the BOCA commentary language is made part of this decision as *Attachment C*.

Chairman Gatzunis noted that his initial belief is that the structure should be defined as an antenna subject to the provisions of Section 3109. Other Board members were hesitant to agree with this position. As a result, on a **MOTION** made by Timothee Rodrique and seconded by Stanley Shuman, Board members unanimously voted to take the matter under advisement and issue its findings at a later time.

### November 6, 2003 Deliberations

Present

Chairman Thomas Gatzunis
Member Stanley Shuman
Member Timothee Rodrique
Clerk Jeffrey Putnam

On November 6, 2003, following regularly scheduled appeals cases for the day, Board members identified above deliberated on the matter. Only material that had been presented prior to and during the September 11, 2003 hearing were considered during deliberations. Deliberations were tape-recorded. The tape recording, which is on file at the Office of the Board of Building Regulations and Standards, is the official record of the proceedings. The following provides an overview of discussions at the deliberation. It is not intended to be a verbatim account.

**Board member** Timothee Rodrique began deliberations by stating that he thought the structure resembled a tower rather than an antenna. Mr. Rodrique indicated that information presented in the form of plans and other data suggest the structure is an engineered system and that 780 CMR 3108 presents performance requirements for engineered structures in reference to wind loads and type of construction; whereas Section 3109 appears to present prescription requirements for antennae that may be installed on a residential roof.

**Chairman** Gatzunis agreed that Section 3109 presents more safety related, prescriptive requirements, but it clearly speaks to roof mounted structures, which is the condition under consideration. Chairman Gatzunis indicated that the code is somewhat ambiguous. The most prudent action is to accurately define the structure, then apply appropriate code provisions.

**Board member** Shuman suggested that they reference the regular dictionary definitions for each term.

## STATE BUILDING CODE APPEALS BOARD

Docket Number: 03-107
Date: December 3, 2003

**Clerk** Putnam presented *Webster's Dictionary, 1991*. Pertinent portions of definitions for the words *antenna* and *tower* were reviewed by Board members.

**Board member** Timothee Rodrique noted that the word antenna is defined specifically as receiving radio signals. The definition for a tower specifies a differential in base in relation to its height (a tower is wider at its base) which is analogous to the situation under discussion.

*At this point, Board member Timothee Rodrique made a motion to overturn the ruling of the municipal building official. The motion was not seconded, and member Rodrique later withdrew the motion.*

**Chairman** Gatzunis referenced and read from the 1993 BOCA Commentary relating to each section (see commentary language which is made part of this decision as *Attachment C*. Chairman Gatzunis noted that the code text clearly requires antennal structures that are mounted on a roof to be located no closer to the lot line than the total height of the antennal structure.

**Board member** Timothee Rodrique suggested that structure may only pass through the roof structure, but not be mounted to it.

**Chairman** Gatzunis refernced structural drawings for the project and noted that the structure is bolted to a wide-flange roof beam and appears to be roof mounted. With that determined, Chairman Gatzunis suggested that the structure appears to be most correctly defined under the provisions of the building code as an antennal structure subject to the provisions of Sections of Section 3109, and that the structure is proposed to be installed closer to a lot than its total height thereby causing a violation of the code.

**Decision:**    Following this discussion, and based on a review of code provisions and materials presented by each side, a **MOTION** was made by Stanley Shuman to support the municipal building official in his finding and uphold his citation as issued (see *Attachment A* for building official's citation). *With this decision Board members rendered an interpretation that the building official had correctly applied the provisions of 780 CMR Section 3109. The decision was voted as indicated below.*

Following testimony, and based upon relevant information,

| ☐ ............ Granted | ☐ ............ Denied | ✔✔ ........... Rendered Interpretation |
|---|---|---|
| ☐ ..........Granted with conditions (see below) | | ☐ ............ Other (List action) |

The vote was:

✔✔ ............ Unanimous                    ☐ ............ Majority

STATE BUILDING CODE APPEALS BOARD

Docket Number: 03-107
Date: December 3, 2003

List any conditions, provisos, comments or interpretative actions, if any:

Although Board members agreed that the municipal building official had correctly cited a violation of 780 CMR Section 3109, Board member Rodrique wished to indicate that he has difficulty with the way the code is worded and wishes the section language to be reviewed by members of the full Board. Adhering to the strict reading of the code section as currently written, he agrees with the municipal building official's interpretation and therefore voted affirmatively on the motion.

The following members voted in the above manner:

_____    _____    _____
Thomas Gatzunis             Timothee Rodrique           Stanley Shuman
Chairman

A complete administrative record including the audio tape of the proceedings is on file at the office of the Board of Building Regulations and Standards.

A true copy attest, dated   December 3, 2003   Kimberly Spencer

R Anderson
Robert Anderson, Clerk

Any person aggrieved by a decision of the State Building Code Appeals Board may appeal to a court of competent jurisdiction in accordance with Chapter 30A, Section 14 of the Massachusetts General Laws.