

**TOWN OF HANSON**
*Building Department*
*542 Liberty Street*
*Hanson, Massachusetts 02341*

Tel. (781) 293-5103
Fax (781) 294-0114

*attachment A*

July 8, 2003

Steven E. Gill, Esq.
111 Amherst Street
P.O. Box 719
Manchester, N.H. 03105
RE: NEXTEL Tower / 141R Liberty Street, Hanson, Ma. 02341

Dear Sir:

I am in receipt of the Order from The United States District Court directing me to issue a re-determination of my denial of your permit to construct a telecommunications antenna on the above listed property. I reviewed the plans submitted with the application for a building permit and visited the property on Tuesday July 1, 2003. I note that since my last visit, repairs to the roof of the building have been done without a building permit. Please be advised that such un-permitted repairs violate the State Building Code, 780 CMR 110.1.

As stated in my previous decision dated April 22, 2003, the proposed construction does not comply with the State Building Code, 780 CMR 3109.1 which states:

**780 CMR 3109.1** *"The installation of any antennal structure mounted on a roof of a building shall not be erected nearer to the lot line than the total height of the antennal structure above the roof, nor shall such structure be erected near power lines or encroach on any street or other public space"*

According to the plans submitted with the permit application the proposed antenna structure will be located on a roof of an existing building. The height of the building is 14 feet and the height of the proposed antenna tower is 130 feet. The base of the proposed tower is located nearer to the lot lines of the abutting properties than the total height of the base of the tower and the lot line of the property owned by Susan DeFrancisco is twenty-eight (28) feet, and the property owned by Mary F. Wolfe is ninety-seven (97) feet. The plans also show that the distance between the base of the antenna and a utility pole is approximately eighty-seven (87) feet. Although not noted on the plans, on my visit I observed this pole to have an electrical transformer.

As these distances indicate that the proposed construction would not comply with 73) CMR 3109.1, I must deny your request for a building permit.

If you are aggrieved by my decision and interpretation of this matter, you have the right to appeal my decision to the State Building Code Appeals Board, under 780 CMR 122.0.1.

Once again thank you for your attention on this matter.

Sincerely yours,

Michael J. Kennedy
**Hanson Building Inspector**

Cc. E. Winn Davis; Executive Secretary Town of Hanson
    Kay Doyle, Esquire

## ADDENDUM

1. Nextel Communications of the Mid-Atlantic, Inc. d/b/a Nextel Communications ("Nextel") is licensed by the federal government to provide wireless telecommunications services in Massachusetts and, as such, enjoys certain benefits and protections under Section 704 of the Telecommunications Act of 1996, 47 U.S.C. § 332 (c)(7)(B) (the "TCA"), with respect to the deployment of its facilities. See, e.g., Brehmer v. Wellfleet, 238 F.3d 117, 121 (1st Cir. 2001) ("[u]nder the TCA, local zoning ordinances . . . apply only to the extent that they do not interfere with other provisions of the [TCA]").

2. On or about July 19, 2000, Nextel commenced a lawsuit pursuant to the TCA in the United States District Court for the District of Massachusetts after the Zoning Board of the Town of Hanson, Massachusetts, refused to allow Nextel to replace an existing 117-foot tall roof mounted antenna tower with a new 130-foot tall tower capable of supporting its wireless antennas.

3. Nextel filed a motion for summary judgment. The Town then agreed that, instead of opposing Nextel's motion, it would settle with Nextel by entering into a consent judgment providing, among other things, that "judgment may enter for [Nextel] on Count I of [its Complaint]" and that Nextel would be permitted to construct the proposed 130-foot replacement tower "in accordance with the application submitted by Nextel and the plans proposed by Turning Mill Consultants." The Court (Woodlock, D.J.) approved the judgment (a true copy of which is annexed hereto as Exhibit A) on April 19, 2001.

4. A true copy of "the plans prepared by Turning Mills Consultants," referred to in the Judgment, is annexed hereto as Exhibit B. The plans show, among other things, the location of the proposed replacement tower and all relevant property lines.

attachment P

5. In or about March 2003, Nextel applied for a building permit in connection with the proposed replacement facility. The Town Building Inspector, however, refused to issue the permit and took the position that, under 780 C.M.R. 3109.1 of the Massachusetts Building Code, the replacement tower could not be constructed "in accordance with the plans prepared by Turning Mill Consultants" because the tower would not comply with the property line setbacks contained in said regulation.[1]

6. 780 C.M.R. 3109.1 applies only to "Radio and Television Antennas" for which building permits are <u>not</u> required, <u>i.e.</u>, for antenna structures "not more than 12 feet . . . in height for private radio or television reception."

7. Because the Building Inspector's interpretation and decision are erroneous and in violation of the federal court judgment, Nextel sought relief in the federal court in which the judgment had been entered.

8. On June 19, 2003, the federal court issued an order, a copy of which is annexed hereto as Exhibit C, directing the Hanson Building Inspector to issue a redetermination "forthwith" so that Nextel could obtain an interpretation of 780 C.M.R. 3109.1 from the State Building Code Appeals Board prior to further federal court action.

9. Instead of issuing the redetermination "forthwith," the Hanson Building Inspector waited until July 8, 2003, when (after several letters and e-mails from Nextel's counsel), he finally issued the court-ordered redetermination, a copy of which is annexed hereto as Exhibit D.

---

[1] A written decision to this effect was apparently sent to Turning Mill Consultants by the Town on or about April 22, 2003. Turning Mill Consultants is not the applicant.

10. The Building Inspector's July 8, 2003 redetermination quotes only a portion of the regulation relied upon, thus distorting its plain meaning, i.e., its applicability only to "private" antenna structures "not more than twelve feet . . . in height," for which building permits are not required.

11. It makes sense to impose a setback requirement as a pre-condition for the exemption from the building permit requirement; since no building permit is required, the homeowner may install the structure herself without inspection of any kind, so the setback provides some protection in the event the antenna falls.

12. If the Town's position that Section 3109.1 applies to all antenna towers of any kind, then Nextel would not need a building permit at all, because this provision is entitled "permits not required."

13. Here, Nextel submitted detailed plans stamped by a licensed engineer. The Town expressly approved these plans and the federal court did, as well. Such approved plans were a prerequisite for a building permit under 7870 CMR 3109.2. This is the Section that applies here. The engineering review that took place obviates the need for any setbacks, because the Town and its residents can be assured the facility will be safe. See, e.g., comments of Town's independent engineer, dated May 10, 2000 and annexed hereto as Exhibit E.

J:\wdox\docs\clients\10339\55130\M0478409.DOC