UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 03-12563-DPW

| | |
|---|---|
| NEXTEL COMMUNICATONS,<br>Plaintiff<br><br>v.<br><br>TOWN OF HANSON, ETALS.,<br>Defendants | |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE

Mr. and Mrs. Steven DeFrancesco ("the DeFrancescos") (the "Intervenors")
submit this Memorandum in Support of their Motion for Leave to Intervene in the above-
captioned matter.

### INTRODUCTION

On or about February 15, 2000, Nextel applied for a "special permit" before the Town of
Hanson ("Hanson") Zoning Board of Appeals ("ZBA"), seeking, Nextel argued, to
extend an "existing non-conforming use" in Hanson's Business District, by replacing an
existing lightweight 117-foot tall antenna with a 130-foot tall, guy-wired, steel-supported
wireless telecommunications tower. The Intervenors were present at the March 16, 2000,
Public Hearing on Nextel's special permit application and were heard at the May 11,
2000, continuance of the Hearing. Ultimately, the Hanson ZBA denied Nextel's
requested permit, finding that: 1) the non-conforming use had been abandoned; and 2) a
special permit was not otherwise available because the proposed replacement was
substantially more detrimental to the area and would have adverse effects on the Town
and/or the neighborhood.

Nextel appealed the Hanson ZBA's findings to this Court, arguing a violation of
the provisions of the Telecommunications Act of 1996 (the "TCA") governing mobile

services, 47 U.S.C.§ 332 et seq.  Unbeknownst to the Intervenors, Nextel and the Town then settled the case in a consent judgment entered in an order (the "Order") on April 19, 2001.

Two years later, on April 1, 2003, Nextel applied for a building permit from Michael Kennedy, Hanson's Building Inspector. Kennedy denied the permit pursuant to 780 Code Mass. Regs. §3109.1, which prohibits the construction of any roof-mounted antennal structures "nearer to the lot line than the total height of the antennal structure above the roof." See Letter of Michael J. Kennedy, Building Inspector, denying permit application (April 22, 2003), a copy of which is attached hereto as **EXHIBIT A.**  When the Building Inspector issued a court-ordered redetermination on July 8, 2003, Nextel appealed to the Massachusetts Building Code Appeals Board ("BCAB") which held a public hearing on Setpember 11, 2003.  Counsel for the Intervenors was present at the hearing.  On October 29, 2003, before the BCAB rendered a decision on Nextel's appeal, Nextel filed a motion in this Court seeking to enforce the Consent Order and to compel the Hanson Building Inspector to issue a building permit.  Before the Court could hold a hearing on that motion, the BCAB upheld the Building Inspector's interpretation of § 3109.1 and denied Nextel's appeal.  See State Building Code Appeals Board Decision (December 3, 2003) a copy of which is attached hereto as **EXHIBIT B.**  It is this decision from which Nextel now appeals.

The Intervenors assert rights under Fed. R. Civ. P. 24 based in their interests in the subject matter of this action, in the proper interpretation and application of zoning laws, the State Building Code and the TCA, and because the current parties cannot adequately represent their interests.

## ARGUMENT

Under Fed. R. Civ. P. 24 (a)(2), a party may intervene as of right in an action if its application is timely, and (1) it claims an interest related to the property or transaction which is the subject of the action; (2) disposition of the action may as a practical matter impair or impede the party's ability to protect its interest; and (3) its interests are not adequately represented by existing parties to the action. Fed. R. Civ. P. (a)(2);

-2-

Resolution Trust Corp. v. City of Boston. 150 F.R.D. 449, 451 (D. Mass. 1993). Alternatively, a party may be permitted to intervene when its claim or defense has a question of law or fact in common with the main action, and no undue delay or prejudice to the original parties will result from the party's intervention. Fed. R. Civ. P. 24(b).

### A.    Intervention as of Right

As owners whose property abuts 141R Liberty Street where the tower is intended to be erected, the DeFrancescos are presumed to be parties in interest and to be aggrieved by the placement of a non-conforming telecommunications tower at said 141R Liberty Street. Mass. Gen. Laws ch. 40A, §§ 11, 17; Waltham Motor Inn v. LaCava, 326 N.E.2d 348 (1975). The DeFrancescos, who have from the beginning opposed Nextel's efforts to construct its proposed 130-foot tower, will (even without the benefit of the presumption granted to abutters) be adversely impacted by the presence of Nextel's proposed tower in a number of ways. The proposed tower puts the DeFrancescos' safety at considerable risk; should the tower collapse it could fall onto their property or or into utility wires connected to their property.[1] As noted above, the Hanson Building Inspector found that the proposed tower is not set back far enough from the abutting property lines, in violation of the State Building Code. The State Building Code is intended, in part, to protect abutters such as the DeFrancescos. See 780 Code Mass. Regs. § 101.4. Moreover, the tower, which is to be taller and shaped differently than the present antenna, is an eyesore and detriment to the neighborhood in itself. It will also likely reduce the market value of the DeFrancescos' property. See Quigley v. Winchester Hospital, Misc. Case No. 281991 (Mass. Superior Court [Land Court Division] May 1, 2003) (abutters have an interest where their property values may be negatively affected by the expansion of a non-conforming use); Butts v. Zoning Board of Appeals of Falmouth, 464 N.E. 2d 108m 112 (abutter has interest in preventing expansion of non-conforming use on abutting property, and in preserving the view from his property). Given such

---

[1]        Such events do occur. A 17-year-old tower collapsed in Portland Maine on Dec. 11, 2003, damaging nearby vehicles and severing nearby power lines. SeeJustin Ellis and David Hench, "Radio Tower Crashes Down, "Portland Press Herald (Dec. 12, 2003) accessed at httb;//www.pressherald.com/news/local/031212tower.shtmlon Dec. 16,2003)

circumstances, disposition of the case, without giving the DeFrancescos' an opportunity to be heard, would impair their ability to protect their property and themselves.

Here, Nextel is seeking to build a telecommunications tower without acquiring the necessary zoning and building authorizations and without following the procedures to which all other persons are subject. See Conservation Law fndn, 966 F. 2d at 40-42. In that case, a conservation group and the Secretary of Commerce had entered into a consent decree regarding modifications to plans to regulate over-fishing off the coast of New England. Id. at 40. Fishing groups sought to intervene, asserting two interests: 1) a personal economic interest; and 2) an interest in the rulemaking process.   The court found that the fishing groups' interests were not adequately represented by the Secretary. Id.

In its permit application, Nextel cited § VII.K.5 of the Hanson Zoning By-Law, which states that

"..if feasible, personal wireless facilities shall be located on existing structures, including but not limited to buildings...existing telecommunications facilities, utility poles and towers..."  In its application Nextel "indicated that the reconstruction of the existing structure would be least intrusive."  However, Nextel never presented - although it did have available at the time - evidence that the tower on land owned by Marston and operated by Hirschfeld at `131 Phillips Street was available as a location for Nextel's equipment.

Further, the Intervenors' interest will be impaired if this action is decided in their absence. If the Order were interpreted to allow a peremptory grant to Nextel of the right to construct its tower, the DeFrancescos' would be denied the opportunity to participate in an open, public process and to present information on the record of that process that is both permitted and required.  If the BCAB's interpretation of the State Building Code were overturned, it would pave the way to the Construction of a non-conforming telecommunications tower in Hanson, especially with the Town seemingly (and

-4-

wrongfully) conceding the issuance of a special permit.   In the case of the DeFrancescos', a non-conforming, and potentially dangerous, structure on abutting property will impact their property value, and perhaps their safety.   Their diligent participation in the public process will be rendered meaningless if Nextel is allowed to skirt that process by judicial fiat.

Finally, neither the BCAB's nor the Town of Hanson's presence in this action adequately protects the Intervenors' interests.   One can overcome the presumption that a government agency represents the interests of its citizens, so as to make intervention unnecessary, if a divergence of interests exists between the government agency and the party seeking to intervene, or when there is evidence of collusion or nonfeasance by the government agency.   Resolution Trust, 150 F.R.D. at 451.   Private parties seeking to intervene have a lower burden that would another governmental entity or public interest group to show that the government party does not represent their interests.   Resolution Trust, 150 F.R.D. at 453.   To justify intervention as of right, the Intervenors must show only that representation of their interests by the current parties *may* be inadequate; it is not required that an intervenor show actual inadequacy.   Conservation Law Foundation of New England, Inc. v. Mosbacher, 966 F.2d 39, 44 (1st Cir. 1992).   In the instant matter, the interests of the parties diverge such that the BCAB and the Town of Hanson cannot adequately represent the Intervenors; indeed, these "governmental agencies" do not necessarily have the same "ultimate goal."   Resolution Trust, 150 F.R.D. at 451.

While the Intervenors and the BCAB have an interest in the Court upholding the BCAB's decision on this matter, their interests stem from wholly different concerns.   The BCAB, as a state authority, is constrained by its conception of the public safety and welfare, while the Intervenors have more "perochial" interests.   See Conservation Law Fndn., 966 F.2d at 45.   Where the BCAB's interest lies in enforcing the State Building Code across the Commonwealth and ensuring the public safety through adherence to that

-5-

Code, the Intervenors are interested in protecting their respective economic and safety concerns to the point of seeking the prohibition of Nextel's antenna in its proposed location. The members of the BCAB do not care if Nextel builds a non-conforming telecommunications tower in the Town of Hanson, so long as its construction comports with the Building Code. The BCAB's representation of the Intervenors' interests go beyond the Building Code. See Memorandum In Support of Motion for Leave to Intervene (June 6, 2003). The DeFrancescos' have economic, aesthetic, and safety concerns, as well as interests in the implementation of the proper regulatory procedure. Thus the BCAB cannot adequately represent the Intervenors' interests, and the Intervenors should be allowed to intervene pursuant to Fed. R. Civ.P24 (a)(2).

The facts also indicate that the Town of Hanson's presence in this suit will similarly fail to adequately represent the interests of the Intervenors. These facts include the following: (1) following the issuance of the Order, Lila Coyle, a member of the Hanson ZBA, represented that she believed Nextel would have to appear before the Board again before it would issue any special permit, but that appearance never occurred; (2) that Hanson has been aware of the availability of an existing structure - the Phillips Street tower - within Hanson suitable for Nextel's needs; and (3) that Hanson now, in its papers filed in connection with Nextel's Motion to Enforce, appears to concede Nextels argument that the Order operates to grant Nextel a special permit.2   Where the governmental entity purportedly representing the Intervenors' interests is also the entity that regulates the Intervenors, and where that governmental entity has entered into a consent decree with the opposing party in contravention of the Intervenors' interests, this "leaves the [Intervenors] with the distinct feeling that the [governmental entity] is less than wholeheartedly dedicated" to serving their interests, and intervention should be allowed. Conservation Law Fndn., 966 F.2d at 44.

---

2.       While it is possible, that, at the commencement of these proceedings, Hanson may have appeared to adequately represent the intervenors' interests, Hanson's act of entering into the settlement agreement with Nextel (without notice to intevenors) and subsequent events, evidence a divergence of interests which rebuts any presumption of adequate representation.

Given the analysis above, the Intervenors have a right to intervene in this matter,

and the Court should grant their Motion.

### B.    Permissive intervention:

Even if the Court were to find that Intervenors may not intervene as of right under

Fed. R. Civ. P. 24(a)(2), the Court should grant permission to intervene under Rule

24(b)(2). First, the Intervenors raise questions of law common to that in the main action:

namely, whether the Order gives Nextel an unconditional right to begin construction of

its proposed tower and whether §3109.1 of the State Building Code forbids the

construction of Nextel's proposed tower at its proposed location. Second, Intervenors'

interests are not adequately represented by existing parties to the action. See supra at pp

6-8. Finally, allowing intervention would not delay proper resolution of this issue or

prejudice the existing parties to the action.

### 1.    Timeliness of Intervention:

There is no bright line standard for determining what constitutes "timeliness"

under Rule 24; rather, it is to be determined from all the circumstances. Public Citizen v.

Liggett Group, Inc., 858 F.2d 775, 784-785 (1st Cir. 1988). The appriourate tune ti fuke a

Motion to Intervene is when a party becomes aware that its interest in a case would no

longer be adequately protected by the parties. Id. at 785.

Given the fact that Nextel filed its most recent complaint on December 19, 2003,

it should be undisputed that this Motion is timely filed.


### 2.    No Undue Delay or Prejudice:

In addition, there is no evidence that Intervenors will unduly delay or prejudice

the original parties to the action. The Court should note that Nextel has waited two years

from the issuance of the Order to take any steps to act on it. Moreover, there are simply

no factual or procedural circumstances warranting concern that intervention might lead to

undue delay or prejudice.  For that matter, Intervenors might assist in a speedy resolution of the present controversy by providing Nextel with a viable option to secure its desired level of coverage in Hanson without having to pursue construction at 141R Liberty Street at its proposed location.  Intervention should also be encouraged because the proposed Intervenors' claims will enhance the Court's understanding of the facts.  Rodriguez v. Debouno, 1998 WL 542323, *3(S.D.N.Y. 1998); Ellender v. Schweiker, 550 F. Supp. 1348, 1360 (D.N.Y. 1982) (intervention will not cause prejudice if it will contribute to the court's understanding of the facts).  Intervenors similarly present important arguments about the proper application of state and local zoning and buildng laws and the TCA which are essential if the Court is to reach a just resolution to this matter and preclude any future challenges to its decision.  Cf. Resolution Trust, 150 F.R.D. at 455 (intervention not allowed where party would not contribute to a just resolution.

WHEREFORE, Intervenors respectfully request that the Court allow their Motion to Intervene.

Respectfully submitted,
Mr. and Mrs. Steven DeFrancesco
By their Attorney,

Paul J. Moriarty
BBO No. 354940
22 Washington Street
Norwell, MA  02061
Phone: 781-871-3200

Dated: January 16, 2004