UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 03-12563-DPW

NEXTEL COMMUNICATIONS,
Plaintiff

v.

TOWN OF HANSON, ETALS.,
Defendants

### Defendants' Answer

Defendants, Mr. and Mrs. Steven DeFrancesco (the "Intervenors") answer the Complaint of the Plaintiff, Nextel Communications of the Mid-Atlantic, LLC as follows:

### First Defense

1. The intervenors deny the first sentence of paragraph "1" insofar as it states that the Board of Building Regulations and Standards' Dec. 3, 2003 decision, denied Nextel permission to construct its proposed antenna. The decision was, in fact interpretative. The Intervenors further deny the second sentence of paragraph "1" insofar as it states that the Consent Decree issued by this Court in Civil Action No. 00-CV-11417-DPW allowed Nextel to build its proposed tower without further permitting approval. We answer further that the Consent Decree in no way relieved Nextel of its obligation to seek and obtain a building permit.

2. The Intervenors admit to the information provided in paragraph 2.

3. The Intervenors admit to the information provided in paragraph 3.

4. The Intervenors admit to the information provided in paragraph 4.

5. The Intervenors admit that Mr. and Mrs. DeFrancesco's property abuts that of the location of the proposed tower and that they are opposed to the construction of the tower. The Intervenors are without knowledge or information to either admit or deny the allegation of exactly when the existing tower was built. The DeFrancescos admit that

they are aggrieved by the Consent Decree, and, answering further, the DeFrancescos are parties interested in the Building Code Board of Appeals Dec. 3, 2003, interpretation of 780 Code Mass. Regs. §3109.1, which is also an issue in this matter. Steven DeFrancesco would also point out that he spells his name with a "v" not a "ph" as the Plaintiff has spelled his name in the first sentence of paragraph 5.

6. DeFrancesco has no personal knowledge as to the allegations contained in paragraph 6.

7. DeFrancesco has no personal knowledge as to the allegations contained in paragraph 7.

8. The Intervenors admit the allegations contained in paragraph 8.

9. Paragraph 9 contains conclusions of law to which no response is necessary. To the extent any response is required, the Intervenors deny the allegations set forth in paragraph 9.

10. Paragraph 10 contains conclusions of law to which no response is necessary. To the extent any response is required, the Intervenors deny the allegations set forth in paragraph 10.

11. Paragraph 11 contains conclusions of law to which no response is necessary. To the extent any response is required, the Intervenors deny the allegations set forth in paragraph 11.

12. Paragraph 12 contains conclusions of law to which no response is necessary. To the extent any response is required, the Intervenors deny the allegations set forth in paragraph 12.

13. The Intervenors admit to the allegations in the first sentence of paragraph 13. The Intervenors deny the allegations contained in the second sentence of paragraph 13 insofar as they allege that the Town "agreed to allow Nextel to replace the existing tower." The Intervenors admit to the allegations contained in the third sentence of paragraph 13.

14. The Intervenors deny the allegations contained in paragraph 14, and further answering states that the plans submitted to the ZBA and the reference by the Court in the Order were dated 6/7/99, 6/30/99 and 7/30/99 (Plaintiff's Exhibit "B"); the plans submitted to the Building Inspector with the permit application dated 2/24/03 were dated 1/30/03 and 2/11/03. It is further noted that the 1999 plans and the 2003 plans were

scaled differently. The 1999 plans on sheet "A1" depicts the planned "Tower South Elevation"; the 2003 plans on sheet "A1" depicts the planned "East Elevation". The 1999 plans (5 sheets) are for site only (Title Sheet, Survey Plan - C-1,C-1.1 & C-1.2, and Compound & [South] Elevation). The 2003 plans submitted for a building permit consisted of nine (9) sheets (Title, Compound [and Tower] Setbacks, Enlarged Site Plan and East Tower, Three (3) Construction Details [A-2, A-3 & A-4], Electrical Details, Grounding Details and Structural Details. The Court has never seen or approved the 2003 plans submitted for a building permit. Only these 2003 plans depict details that must be reviewed for state construction Code compliance such as the electrical code, plumbing code, fire prevention code, etc. Since the 1999 plan did not depict construction code items, they could not have been used for building, electrical, fire, plumbing, etc. code compliance, and the Court approval did not reach that far. It is also noted that both the 1999 plans and the 2003 plans state the following: "All materials as well as methods and processes used in the performance of the work shall conform to the standards of the Massachusetts State Building Code..."

15. The Intervenors deny the allegations contained in the first sentence of paragraph 15. The Intervenors admit to the remaining allegations contained in paragraph 15.

16. The first sentence of paragraph 16 paraphrases 780 Code Mass. Regs. §3109.1, a provision of the State Building Code. The Intervenors answer that the entire provision is the best evidence of its meaning. The Intervenors deny the remaining allegations contained in paragraph 16.

17. The Intervenors are without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of paragraph 17. The Intervenors admit that on April 18, 2003, Nextel filed a Motion to Enforce the Consent Decree.

18. The Intervenors admit to the allegations contained in paragraph 18.

19. Answering the first sentence of paragraph 19, the Intervenors admit that Nextel filed an appeal with the State Building Code Appeals Board. The remaining sentences in paragraph 19 contain conclusions to which no answer is necessary. To the extent any response is required, the Intervenors deny the allegations set forth in the remainder of paragraph 19.

20. Insofar as the first sentence of paragraph 20 indicates the date on which the

Building Code Appeals Board scheduled a hearing, the Intervenors admit to the allegations in the first sentence of paragraph 20. The second clause of the first sentence contains a conclusion of law to which no response is required. The Intervenors admit that the Board held a hearing on Sept. 11, 2003, and, upon concluding the Hearing, took the matter under advisement. The Intervenors further state that 780 Code Mass. Regs. § 122.4.3 states that any delay shall not affect the validity of any such decision. The final sentence of paragraph 20 contains legal conclusions to which no response is necessary. To the extent any response is required to the final sentence, the Intervenors deny the allegations set forth therein.

21.  The Intervenors admit to the information provided in paragraph 21, except insofar as it alleges that the Board's decision was overdue as of Oct. 29, 2003. Whether the Board's decision was overdue, is a conclusion of law to which no response is required. Furthermore, Massachusetts State Building Code, specifically 780 Code Mass. Regs. § 122.4.3 states the following: "Failure to render a decision within 30 days shall not affect the validity of any decision or appeal". Whether the Board's decision was overdue is a conclusion of law to which no response is required. To the extent any response is required, the Intervenors deny that the Board's decision was overdue.

22.  The Intervenors admit that, on Nov. 3, 2003, the Court denied Nextel's Second Motion to Enforce the Consent Judgment without prejudice until Nextel joined the Building Code Appeals Board.

23.  The Intervenors admit to the allegations contained in paragraph 23.

24.  The Intervenors admit to the allegations contained in paragraph 24.

25.  The Intervenors admit that the Board issued its decision on Dec. 3, 2003 and that the decision upholds the interpretation of the Building Code as adopted by Hanson's Building Inspector. In answering the remainder of paragraph 25, the Intervenors point the Court to the entire written decision of the Building Code Appeals Board, as it more accurately reflects the reasoning behind the Board's decision.

26.  Paragraph 26 is a characterization of this Court's ruling during the Dec. 10, 2003 Hearing, as to which this Court is the best interpreter.

27.  The Intervenors deny the allegations contained in paragraph 27.

4

### First Cause of Action

28. The Intervenors reallege and incorporate by reference the responses to paragraphs 1 through 27 of the Complaint.

29. The Intervenors deny the allegations set forth in paragraph 29 of the Complaint, and further answering the Intervenors state that the State Board did not deny Nextel the authorization to place the proposed commercial radio antenna tower as shown on the plans; the Board simply did as requested and interpreted the Building Code's section 3109.1 relative to the 2003 plans before it.

30. The Intervenors deny that Nextel is entitled to the remedy requested in paragraph 30 and further answering, the Intervenors deny the implications of Nextel that it is entitled to all permits issued by the Town, including Building, Plumbing, Electrical, Fire Prevention, etc.

### Second Cause of Action

31. The Intervenors reallege and incorporate by reference the responses to paragraphs 1 through 30 of the Complaint.

32. The Intervenors deny the allegations set forth in paragraph 32 of the Complaint.

33. The Intervenors deny that Nextel is entitled to the remedy requested in paragraph 33.

### Third Cause of Action

34. The Intervenors reallege and incorporate by reference the responses to paragraphs 1 through 33.

35. The Intervenors deny the allegations set forth in Paragraph 35.

36. Paragraph 36 contains a conclusion of law to which no response is necessary. To the extent a response is required, the Intervenors deny the allegations set forth in paragraph 36 and further responds that Nextel is incorrect in its allegation that the state laws became preempted by the Consent Decree. Any consent decree entered into by a municipality cannot preempt state law such as building codes, sanitary codes, handicapped codes, wetlands regulations, Environmental regulations, pollution regulations, etc. The Consent Decree refers to a plan (1999 plan), the plan requires compliance with the State Building Code in its Supplemental Notes on plan numbered

A-1. The plans submitted to the Building Official with the Building Permit application in 2003, was far different from the plans approved by the Court in 1999 and therefore was not part of the Consent Decree.

37. The Intervenors deny the allegations set forth in paragraph 37 and further answering state that the Consent Decree did not exempt Nextel from complying with State laws and/or regulations.

38. The Intervenors deny that Nextel is entitled to the remedy requested in paragraph 38.

### First Affirmative Defense

Interpretation of the Massachusetts State Building Code, specifically 780 Code Mass. Regs. § 3109.1, is properly a question of state law. Therefore, this Court does not have subject matter jurisdiction over Nextel's Complaint.\

### Second Affirmative Defense

Nextel's Complaint fails to state a claim for which relief can be granted under 47 U.S.C. §332(c)(7)(B)(iii).

### Third Affirmative Defense

Nextel's Complaint fails to state a claim for which relief can be granted under Massachusetts State Law.

### Fourth Affirmative Defense

Nextel has failed to state a claim for which either declaratory or injunctive relief may be granted.

### Fifth Affirmative Defense

Nextel has not applied for a variance from Hanson's Building Inspector's decision or the decision of the State Building Code Appeals Board, pursuant to Mass. Gen. Laws c. 40A §10 and/or c. 30A §14 and/or c. 143 §100 and/or 801 Code Mass. Regs. §1.00.

### Sixth Affirmative Defense

The plans Nextel submitted to the ZBA and the Court dated 1999 are not the same plans submitted to the Building Inspector for the Town of Hanson for a building permit and as such are not the plans referenced by the Court. The plans referenced by the Court

are basically site plans for Zoning purposes and are not building plans for the erection of an antennal structure.

WHEREFORE, the Intervenors respectfully pray that this Court:

1. Dismiss Nextel's claims with prejudice and enter judgement in favor of the Defendants/Intervenors, and/or

2. Order such further and other relief as it deems just and proper.

Respectfully submitted,
MR. and MRS. STEVEN DE FRANCESCO
By their Attorney

Paul J. Moriarty
22 Washington Street
Norwell, MA 02061
MA BBO N0. 354940
Phone: 781-871-3200

January 18, 2004