UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. D/B/A/ NEXTEL COMMUNICATIONS<br><br>Plaintiff,<br><br>v.<br><br>THE TOWN OF HANSON, ET AL.<br><br>Defendants. | Civil Action No. 03-CV-12563-DPW |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants Mr. and Mrs. Steven DeFrancesco ("the DeFrancescos"), (the "Intervenors"), respectfully submit this Memorandum in Support of their Opposition to Plaintiff's Motion for Summary Judgment.

## LOCAL RULE 56.1 CONCISE STATEMENT OF MATERIAL FACTS AS TO WHICH GENUINE ISSUES EXIST

1. On or about February 15, 2000, Nextel applied for a "special permit" before the Town of Hanson ("Hanson") Zoning Board of Appeals ("ZBA"), seeking, Nextel argued, to extend an "existing non-conforming use" in Hanson's Business District, by replacing an existing lightweight 117-foot-tall antenna with a 130-foot-tall, guy-wired, steel-supported wireless telecommunications antenna.

2. The Hanson ZBA denied Nextel's requested permit, finding that: 1) the non-conforming use had been abandoned; and 2) a special permit was not otherwise available because the

proposed replacement was substantially more detrimental to the area and would have adverse effects on the town and/or the neighborhood.

3. Nextel does not contend that the Town of Hanson has prohibited the provision of wireless services; in fact, Marston and Hirschfeld operate a communications tower by right in the Commercial/Industrial District and that tower has always been available to satisfy Nextel's coverage needs.

4. Nextel appealed the Hanson ZBA's findings to this Court, arguing a violation of the provisions of the Telecommunications Act of 1996 (the "TCA") governing mobile services, 47 U.S.C. § 332 et seq (2003). Unbeknownst to the Intervenors, instead of remanding the case, the Court entered an order (the "Order") on April 19, 2001, granting Nextel the special permit.

5. The Consent Judgment was entered on Count I of Nextel's original Complaint, which alleged that the ZBA's denial of Nextel's Special Permit application was not supported by substantial evidence within the written record. See 47 U.S.C. § 332(c)(7)(B)(iii); Consent Order (April 19, 2001), a copy of which is attached hereto as EXHIBIT A.

6. The Order, in certain terms, does not grant Nextel a building permit or relieve Nextel of the requirement of applying for and gaining a building permit. Nextel claims that it does. Thus genuine issues of material fact exist as to Nextel's Third Cause of Action concerning the scope of the Order. See Pl's Compl. ¶¶ 35-38 (Dec. 19, 2003).

7. Two years after the entrance of the Consent Order, Nextel returned to Hanson and applied for a building permit from Michael Kennedy, Hanson's Building Inspector. Kennedy denied the permit pursuant to 780 Code Mass. Regs. § 3109.1, which prohibits the construction of any roof-mounted antennal structures "nearer to the lot line than the total height of the

antennal structure above the roof." See Letter of Michael J. Kennedy, Building Inspector, denying permit application (April 22, 2003), a copy of which is attached hereto as EXHIBIT B.

8. When the Building Inspector issued a court-ordered redetermination on July 8, 2003, Nextel appealed to the Massachusetts Building Code Appeals Board ("BCAB"), which held a public hearing on Sept. 11, 2003. Counsel for the Intervenors was present at the hearing.

9. On Oct. 29, 2003, before the BCAB rendered a decision on Nextel's appeal, Nextel filed a motion in this Court seeking to enforce the Consent Order and to compel the Hanson Building Inspector to issue a building permit. The Order, in fact, does not mandate the issuance of a building permit. Nextel must apply for and gain a variance pursuant to Mass. Gen. Laws c. 40A § 10 and Mass. Gen. Laws c. 143 § 100, before it may construct its proposed antenna.

10. Since Nextel has yet to apply for a variance, it has failed to exhaust its administrative remedies. Thus, this Court lacks subject matter jurisdiction over Nextel's Third Cause of Action. See Pl's Compl. ¶¶ 35-38.

10. Before the Court held a hearing on Nextel's Motion to Enforce the Consent Order, the BCAB upheld the Building Inspector's interpretation of § 3109.1 in a five-page written decision. See State Building Code Appeals Board Decision (Dec. 3, 2003), a copy of which is attached hereto as EXHIBIT C.

11. While Nextel claims that the BCAB's decision was not based on substantial evidence as required by 47 U.S.C. § 332(c)(7)(B)(iii), genuine issues exist on this point. The record reflects that the Board members wrestled with the language of 780 Code Mass. Regs. § 3109.1, reviewed the materials presented by the parties, consulted dictionary definitions of the words "tower" and "antenna," and referred to the 1993 BOCA ("Building Officials and Code Administrators") Commentary on §§ 3108 and 3109.1.

3

12. Thus, the written record reflects "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Southwestern Bell Mobile Systems, Inc. v. Todd</u>, 244 F.3d 51, 58 (1st Cir. 2001). Nextel's position is untenable in the face of such evidence.

13. Since the BCAB's written decision is clearly based on adequate evidence, no federal question exists as to Nextel's First Cause of Action. <u>See</u> Pl's Compl. ¶¶ 29-30. Therefore, this Court does not have jurisdiction to grant Nextel's Motion for Summary Judgment on its First Cause of Action.

14. Without jurisdiction over Nextel's two federal claims, summary judgment is clearly inappropriate on its only remaining claim, which sounds in Massachusetts State Law. <u>See</u> Pl's Compl. ¶¶ 32-33.

## STANDARD OF REVIEW

As the non-moving party, the Defendants must provide sufficient evidence to show that genuine issues of material fact do exist and that summary judgment is therefore inappropriate. Fed.R.Civ.P. 56(e). Since the Plaintiff alleges that the BCAB's decision was not based on substantial evidence, <u>see</u> Pl's Compl. ¶ 29, the Defendants must provide sufficient evidence to show that the BCAB's decision was indeed based on substantial evidence.

Under the substantial evidence test, the Court's review is not *de novo*, but "constrained to the administrative record." <u>National Tower, LLC. v. Plainville Zoning Bd. of Appeals</u>, 297 F.3d 14, 17 (1st Cir. 2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion." <u>Id.</u> at 18 (citations omitted). Even if one could draw two inconsistent conclusions from the evidence, substantial evidence may still support an agency's finding. <u>Id.</u> (citations omitted). Thus, judicial review under this standard is narrow. <u>Southwestern Bell Mobile Systems, Inc.</u>, 244 F.3d at 58.

## ARGUMENT

I.  THE TCA EXPRESSLY PRESERVES STATE AUTHORITY OVER THE DESIGN, CONSTRUCTION AND PLACEMENT OF COMMUNICATIONS FACILITIES; IT DOES NOT PREEMPT THE STATE BUILDING CODE OR THE AUTHORITY OF THE BCAB TO RENDER INTERPRETATIONS OF THAT CODE.

Both the TCA on its face, and case law interpreting it, clearly provide for the preservation of local and state land use decision-making authority. The TCA only limits local and state power when decisions discriminate between different providers or when a decision has "the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(I) and (II); Southwestern Bell, 244 F.3d at 57. While the Plaintiff would have this Court rule that the TCA prohibits local and state boards from rendering any decisions on the construction of communications towers, the TCA neither "federalize[s] telecommunications land use law," id., nor creates "a substantive federal limitation upon local land use regulatory power…" Id. at 58. Indeed, Congress rejected a bill that would have preempted all local and state zoning laws when applied to the construction of cell towers, opting instead to retain "specific limitations on local authority now reflected in the statute itself." Town of Amherst v. Omnipoint Communications Enterprises, Inc., 173 F.3d 9, 13 n. 3 (1st Cir. 1999), citing H.R. Conf. Rep. No. 104-458, at 207-09 (1996). Thus, unless the TCA contains express limitations, the Court "must infer that Congress's intent to preempt did not extend so far." Sprint Spectrum, L.P. d/b/a/ Sprint PCS v. Mills, 283 F.3d 404, 420 (2nd Cir. 2002).

Southwestern Bell is instructive on this point. In that case, the Plaintiff proposed building a 150-foot tower in the Town of Leicester. Southwestern Bell, 244 F.3d at 54. The Leicester ZBA denied the application, citing the proposed tower's appearance and location. Id. Judge Lipez upheld the District Court's grant of summary judgment to the Defendant Town, thus affirming the TCA's preservation of local zoning regulations, even those regulations relating to

aesthetics. Id. at 63. Similarly, in the instant matter, the Plaintiff has failed to allege any violations of those TCA provisions that *do* preempt local and state authority. The Plaintiff has not alleged that the Building Inspector's denial of its application for a building permit, or that the BCAB's decision upholding the Building Inspector's interpretation of the Building Code, result in the prohibition of wireless services in the Town of Hanson. Nothing in the TCA prohibits the conduct of the Hanson Building Inspector or the members of the BCAB. Without language expressly preempting the application of State Building Code regulations, this Court should find that the TCA does not preempt the Town's or the State's implementation of the Building Code in this matter.

Plaintiff's reliance on Brehmer v. Town of Wellfleet, 238 F.3d 117 (1st Cir. 2001), to support its preemption argument is misguided. Brehmer involved Omnipoint Communication's proposal to place telecommunications equipment inside a church steeple, perhaps the most unobtrusive spot imagineable. Id. at 118. The Town of Wellfleet's Planning Board denied Omnipoint's application, citing the potential health effects of the proposed facility. Id. Omnipoint sued, claiming the Planning Board had violated the Telecommunications Act, which prohibits regulating the placement of telecommunications facilities on the basis of the environmental effects of radio frequency emissions. Id. at 118-19. Wellfleet's Planning Board unambiguously violated the TCA, making the subsequent consent judgment between the Town and Omnipoint eminently appropriate. Id. at 119. However, local citizens sued the Town and Omnipoint claiming, *inter alia*, that the Planning Board violated state law by issuing Omnipoint the special permit pursuant to the consent judgment. Id. The District Court granted the Defendants' Motion for Summary Judgment, and the First Circuit affirmed, holding that remanding the case for further hearings "would accomplish nothing more than opening up for

public debate the issue of whether the Planning Board should comply with the terms of the settlement agreement it had entered into." Id. at 122.

The rationale of the Brehmer Court could only lead this Court to conclude that Nextel is entitled to a special permit. Nothing in Brehmer indicates that a consent decree ordering the issuance of a special permit automatically preempts all other State and local permitting requirements. Brehmer states that local and state regulations "apply only to the extent that they do not interfere with other provisions of the [TCA]." Id. at 121-22. Nextel has only alleged that the BCAB's written decision violated the TCA because it was not based on substantial evidence. Pl's Compl. ¶ 29. So long as the BCAB's decision is based on substantial evidence—and it clearly is—then the Massachusetts State Building Code does not interfere with "other provisions of the [TCA]." Id. Without any such interference, the TCA neither preempts the State Building Code nor relieves Nextel from complying with its provisions.

II. THE BUILDING CODE APPEALS BOARD'S FIVE-PAGE, WRITTEN DECISION, WHICH EXHIBITS CAREFUL DELIBERATION BY THE MEMBERS OF THE BOARD, PROVIDES SUFFICIENT EVIDENCE THAT THE BOARD'S INTERPRETATION OF THE STATE BUILDING CODE WAS BASED ON SUBSTANTIAL EVIDENCE AS REQUIRED BY THE TCA.

The TCA provides that any decision by a State instrumentality to "deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." 47 U.S.C. § 332(c)(7)(B)(iii).[1] Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." National Tower, LLC v. Plainville Zoning Board of Appeals, 297 F.3d 14, 22 (1st Cir. 2002) (citations omitted). Even when it is possible to draw two inconsistent conclusions from the

---

[1] We should point out here that the BCAB *did not* technically deny Nextel anything. As the BCAB's decision reflects, Nextel asked for, and received, an interpretation of §§ 3108 and 3109.1 of the State Building Code. For the purposes of argument only, we concede that the BCAB's decision has the effect of denying Nextel a building permit.

7

record, substantial evidence may still support the State instrumentality's decision. Id. In such circumstances, the Court must "defer to the [reasonable] decision of the local authority." Id. at 22-23. Such deference, however, extends on so far as the "evidence fairly demands." Southwestern Bell, 244 F.3d at 59 (citations omitted).

The question in the instant matter is whether the BCAB, in upholding the Hanson Building Inspector's interpretation of 780 Code Mass. Regs. § 3109.1, based its decision on substantial evidence. At its root, the resolution to the question centers on whether § 3108 or § 3109 of the State Building Code governs the erection of Nextel's proposed roof-mounted structure. If § 3108 applies, then, arguably, the setback requirement of § 3109.1 does not, and Nextel would acquire its building permit. Ultimately, the Board's decision reflects the realization that whether Nextel's proposed structure is a tower or an antenna matters less than whether the proposed structure could be characterized as "roof-mounted."

Nextel places much emphasis on the title of § 3109.1, "Permits not required," in arguing that the Board members considered the wrong provision of the State Building Code. The fact is, § 3109.1 exempts from permitting requirements antennal structures not more than 12 feet in height. However, the operative language in § 3109.1—the language upon which the Building Inspector and the members of the BCAB based their interpretations—states that "any antennal structure mounted on the roof of a building shall not be erected nearer to the lot line than the total height of the antennal structure above the roof." The language is unequivocal; it includes *any* antennal structure, 12-feet-tall or 1,200-feet-tall. Given the clarity of the language, the Board first turned to deciding whether Nextel's proposed structure is an "antennal structure" subject to the provisions of § 3109, or a radio tower subject to the provisions of § 3108.

8

The Board members first turned to the dictionary and looked-up the definitions of the words "tower" and "antenna." Board Member Timothee Rodrigue concluded that the definition of the word "tower" aptly described Nextel's proposed structure, and based his motion to overturn the Building Inspector's ruling on that definition. Neither of the other two board members seconded Mr. Rodrigue's motion, and the Board moved on to consider the 1993 BOCA Commentary, which provides insight into the intent of the Building Code provisions adopted by the Commonwealth.

While Nextel contends that the Board failed to consider the commentary on § 3108, the Board's written decision flatly contradicts that contention. The decision states: "Chairman [Thomas] Gatzunis referenced and read from the 1993 BOCA commentary *relating to each section...*" BCAB Decision at 4 (emphasis added) [**need transcripts to see exactly what Gatzunis read**]. The decision indicates that the Board members struggled to decide whether § 3109 really applied to *all* roof-mounted antennal structures—and hence the "structure" in question—or whether § 3108 covered Nextel's proposal. See BCAB Decision, "November 6, 2003 Deliberations" (Board Member Timothee Rodrigue suggested that Nextel's tower resembled a tower and not an antenna. Chairman Thomas Gatzunis agreed, but noted that it was also a roof-mounted structure in accordance with § 3109). When the Board members considered the structural drawings of Nextel's proposed tower, they confirmed that Nextel would indeed attach its proposed tower to a roof. Having reached such a conclusion, they decided that the broad language of § 3109 appropriately described Nextel's plans and that, in context, § 3109 prohibited the construction of Nextel's proposed "antennal structure."

Nextel's reading of the BOCA commentary on § 3108 is illogical when considered in this context. The important distinction between § 3108 and § 3109 is not whether a structure is an

antenna or tower, but whether either one is attached to a roof. The broad prohibition signified by the word "any" in the third sentence of § 3109, and the similarly broad characterization signified by the words "antennal structure" (as opposed to the more specific "antenna") in that same sentence, indicate that the drafters were concerned that *any* roof-mounted antennal structure could collapse and damage adjacent property. Hence, the restriction on height in proportion to the distance from the nearest lot line. The Board's written decision indicates that the members considered the evidence in the record and ultimately arrived at such a reasonable conclusion.

Even if the Court were to lend credence to Nextel's reading of the commentary to § 3108, courts have recognized that the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Southwestern Bell, 244 F.3d at 62 (citations omitted). Reading the evidence in the light most favorable to the non-movant—here the Defendants—it is clear that the BCAB members wrestled with the record provided and reasonably applied the facts to the broad proscription contained in the third sentence of § 3109. Therefore, the Court should refuse to grant summary judgment to Nextel on its First Cause of Action.

Respectfully submitted,

Mr. and Mrs. Steven DeFrancesco;

By their attorney,

Paul J. Moriarty (BBO # 354940)
22 Washington Street

Norwell, MA 02061

Dated: January 18, 2004                                  Phone: 781-871-3200