UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12563-DPW

| | |
|---|---|
| NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS,<br><br>    Plaintiff<br><br>v.<br><br>THE TOWN OF HANSON, MASSACHUSETTS AND THE MASSACHUSETTS STATE BOARD OF BUILDING REGULATIONS AND STANDARDS,<br><br>    Defendants<br><br>MR. AND MRS. STEPHEN DEFRANCESCO, MARSTON REALTY TRUST AND HIRSCHFELD COMMUNICATIONS LLC,<br><br>    Proposed Intervenors | DEFENDANT TOWN OF<br>HANSON'S ANSWER |

Defendant, the Town of Hanson ("Town") answers as follows:

1. As to the first sentence, admitted that the State Building Code Board of Appeals ("BCAB") upheld the decision of the Building Inspector to deny plaintiff Nextel Communications of the Mid-Atlantic, Inc. d/b/a/ Nextel Communications application to erect a roof-mounted antenna within the Town. Denied as to the remaining allegations of the first sentence. As to the second sentence, admitted that an Agreement for Judgment between Nextel and the Town was executed and entered as an Order of the Court on April 19, 2001 in Civil Action No. 00-11417-DPW, and that said order entered judgment to Nextel on one count of the

Complaint in that matter and issued a special permit with conditions to Nextel to build a roof-mounted antenna as specified in plans submitted to the Hanson Zoning Board of Appeals.

## PARTIES

2. The Town is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and call upon plaintiff to prove same.

3. Admitted.

4. The Town is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and call upon plaintiff to prove same.

5. The Town is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and call upon plaintiff to prove same.

6. The Town is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and call upon plaintiff to prove same.

7. The Town is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph and call upon plaintiff to prove same.

8. Admitted, except as to the characterization of the April 19, 2001 Order as a Consent Decree.

## JURISDICTION AND VENUE

9. The averments set forth in this paragraph constitute pure conclusions of law to which no answer is required. To the extent this paragraph contains averments of fact, they are denied.

10. The averments set forth in this paragraph constitute pure conclusions of law to which no answer is required. To the extent this paragraph contains averments of fact, they are denied.

11. The averments set forth in this paragraph constitute pure conclusions of law to which no answer is required. To the extent this paragraph contains averments of fact, they are denied.

12.  The averments set forth in this paragraph constitute pure conclusions of law to which no answer is required. To the extent this paragraph contains averments of fact, they are denied.

## ALLEGATIONS COMMON TO ALL COUNTS

13.  As to the first sentence, admitted that the Hanson Zoning Board of Appeals denied Nextel a special permit to permit Nextel to erect a roof-mounted antenna, and that Nextel subsequently filed a complaint appealing said denial in Civil Action No. 00-11417-DPW. The Complaint in Civil Action No. 00-11417-DPW speaks for itself. The remaining allegations of the first sentence are denied. As to the second sentence, admitted that an Agreement for Judgment between Nextel and the Town was executed and entered as an Order of the Court on April 19, 2001 in Civil Action No. 00-11417-DPW, and that said order entered judgment to Nextel on one count of the Complaint in that matter and issued a special permit with conditions to Nextel to build a roof-mounted antenna as specified in plans submitted to the Hanson Zoning Board of Appeals.

14.  As to the first sentence of this paragraph, the April 19, 2001 Order speaks for itself. As to the second sentence of this paragraph, denied.

15.  As to the first sentence of this paragraph, denied. As to the second sentence, admitted that the proposed construction is required to undergo site plan review, as acknowledged by Nextel's own representative during the administrative process and that the Building Inspector instructed the Nextel representative to submit an application for site plan approval. All remaining allegations of the second sentence are denied. As to the third sentence, admitted that to avoid further litigation, the Zoning Board of Appeals agreed to waive site plan approval, and that the Building Inspector denied Nextel's application for a building permit upon determining that the proposed structure was a roof-mounted antenna pursuant to 780 CMR 3109.1, but did

not meet the requirements of 780 CMR 3109.1, and he therefore could not issue a building permit. All remaining allegations of the third sentence are denied.

16. As to the first sentence, 780 CMR 3109.1 speaks for itself. As to the second and third sentences, denied. As to the fourth sentence, denied.

17. The Town is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in the first sentence of this paragraph and call upon plaintiff to prove same. Any filing in the Court made by Nextel speaks for itself.

18. The Court's order speaks for itself.

19. As to the first sentence, admitted. General Laws chapter 143, Section 100 speaks for itself.

20. Admitted.

21. As to the first sentence, any filing in the Court made by Nextel speaks for itself. As to the second sentence, the respective dates speak for themselves.

22. The Court's order speaks for itself.

23. Nextel's filing with the Court and the Court's order speak for themselves.

24. Admitted only as to the Town. The Town is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph and call upon plaintiff to prove same.

25. Admitted that the BCAB issued its decision on December 3, 2003. Said decision speaks for itself. The Town is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph and call upon plaintiff to prove same.

26. The Court's order speaks for itself.

27. Denied.

AS AND FOR A FIRST CAUSE OF ACTION
VIOLATION OF 47 U.S.C. §333(c)(7)(B)(iii)

28.    The Town hereby adopts and incorporates by reference, as if fully stated herein, its responses to paragraphs 1 through 27.

29.    Denied.

30.    Denied.

AS AND FOR A SECOND CAUSE OF ACTION
VIOLATION OF MASSACHUSETTS STATE LAW

31.    The Town hereby adopts and incorporates by reference, as if fully stated herein, its responses to paragraphs 1 through 30.

32.    Denied.

33.    Denied.

AS AND FOR A THIRD CAUSE OF ACTION
DECLARATORY AND INJUNCTIVE RELIEF

34.    The Town hereby adopts and incorporates by reference, as if fully stated herein, its responses to paragraphs 1 through 34.

35.    The April 29, 2001 Order speaks for itself.

36.    Denied.

37.    Denied.

38.    Denied.

FIRST DEFENSE

The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Town denies all of the plaintiff's allegations of wrongful conduct and state that it, its officials, employees and agents were at all relevant times acting in good faith and in reasonable belief that their actions were lawful.

## THIRD DEFENSE

The Complaint fails to state an action upon which relief may be granted against the Town of Hanson as it fails to state any personal involvement, specific regulation, or official policy or knowledge by the Town of the alleged wrongdoing or of any pattern of wrongful behavior.

## FOURTH DEFENSE

The Town reserves the right to amend their Answer to plaintiff's Complaint in order to assert any additional defenses which may become apparent during discovery in this action.

TOWN OF HANSON,

By its attorneys,

_____
Joel B. Bard (BBO #029140)
Katharine Goree Doyle (BBO #634131)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

211427/HANS/0127