UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 03-12563-DPW

NEXTEL COMMUNICATIONS,

    Plaintiff,

v.

TOWN OF HANSON, ET AL.,

    Defendants.

## STATE DEFENDANT'S ANSWER

Pursuant to Fed. R. Civ. P. 8, the State Defendants answer the numbered paragraphs in the Complaint as follows:

### FIRST DEFENSE

1. The allegations in the first paragraph are characterizations of Plaintiff's claims, which require no response.

2. State Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2.

3. Admitted.

4. Admitted.

5-8. State Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 5 through 8.

9. The allegations in paragraph 9 refer to statute, the Telecommunications Act of 1996, which speaks for itself.

-1-

10. The allegations in paragraph 10 refer to statutes, 28 U.S.C. §§ 2201 and 1651, which speak for themselves.

11-12. The allegations in paragraphs 11 and 12 are legal conclusions, which require no response.

13-15. State Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 13 through 15.

16. The allegations in paragraph 16 refer to provisions of the Massachusetts Building Code, which speaks for itself; insofar as a response is deemed necessary the allegations are denied.

17. State Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17.

18. The allegations in paragraph 18 refer to an order of this Court, which speaks for itself.

19. Except to admit that Nextel filed an appeal with the State Building Code Appeals Board, State Defendants lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 19. The allegations in the second sentence refer to a state statute, which speaks for itself.

20. Except to admit that a hearing was held on September 11, 2003, and that a decision was not issued within 30 days of the hearing, the remaining allegations refer to state statutes, which speak for themselves.

21. State Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21.

22. State Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22.

23. The allegations in paragraph 23 refer to a motion and an order of the Court, which speak for themselves.

24. Except to admit that Nextel served the Order upon the State Defendant, State Defendants lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 24.

25. The allegations in paragraph 25 refer to a Decision of the State Defendant, which speaks for itself.

26. The allegations in paragraph refer to an order of the Court, which speaks for itself.

27. The allegations in paragraph 27 are legal conclusions, which require no response.

28. State Defendants incorporates it herein by references it responses to paragraphs 1 through 27 of the Complaint.

29. The allegations in paragraph 29 are legal conclusions, which require no response; insofar as a response is deemed necessary, the allegations are denied.

30. The allegations in paragraph 29 are legal conclusions, which require no response; insofar as a response is deemed necessary, the allegations are denied.

31. State Defendants incorporates it herein by references it responses to paragraphs 1 through 30 of the Complaint.

32. The allegations in paragraph 32 are legal conclusions, which require no response; insofar as a response is deemed necessary, the allegations are denied.

33. The allegations in paragraph 33 are legal conclusions, which require no response;

insofar as a response is deemed necessary, the allegations are denied.

34. State Defendants incorporates it herein by references it responses to paragraphs 1 through 33 of the Complaint.

35. The allegations in paragraph 35 are legal conclusions, which require no response.

36. The allegations in paragraph 36 are legal conclusions, which require no response; insofar as a response is deemed necessary, the allegations are denied.

37. The allegations in paragraph 37 are legal conclusions, which require no response.

38. The allegations in paragraph 38 are legal conclusions, which require no response; insofar as a response is deemed necessary, the allegations are denied.

## SECOND DEFENSE

Plaintiff's claims against the State Defendants are barred by the Eleventh Amendment.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

_____/s/_____
John R. Hitt (BBO # 567235)
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA  02108
(617) 727-2200, ext. 2995

DATED: January 29, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on January 29, 2004.

_____/s/_____
John R. Hitt, AAG