UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Nextel Communications of the Mid-Atlantic, Inc.   :
d/b/a Nextel Communications
                                                  :
            Plaintiff,
                                                  :
    vs.                                                CIVIL ACTION NO.
                                                  :    03-12563-DPW
The Town of Hanson, Massachusetts and the
Massachusetts State Board of Building Regulations :
and Standards
                                                  :
            Defendants
                                                  :
Mr. and Mrs. Steven DeFrancesco,
                                                  :
            Proposed Intervenors
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## NEXTEL'S MEMORANDUM OF LAW IN OPPOSITION
## TO MOTION TO INTERVENE

Plaintiff Nextel Communications of the Mid-Atlantic, Inc. d/b/a Nextel Communications ("Nextel") respectfully submits the following memorandum of law in opposition to the motion to intervene filed by Mr. and Mrs. Steven DeFrancesco herein.

**Summary of the Case**

Nextel and the Town of Hanson settled a prior federal lawsuit (No. 00-CV-11417-DPW) ("Hanson I") by entering into an agreement which provided that Nextel could replace an existing antenna tower with a new wireless antenna tower. The agreement set forth all conditions and prerequisites to the construction of the replacement tower and was then incorporated in a judgment of this Court. When Nextel sought to build the tower, however, the Town bowed to pressure from third parties and sought to renege on its agreement by refusing to issue a building

permit for the replacement tower. The Town relied on a State Building Code provision which was an issue it could have raised, but did not raise, in the prior litigation.

Nextel then brought a motion to enforce the consent judgment in Hanson I, but this Court directed Nextel to appeal the Town's interpretation of the Building Code to the State Board. That Board then failed to rule on a timely basis.

After being ordered by this Court to explain its refusal to act, the State Board upheld the Town's interpretation of the provision at issue. Nextel accordingly filed this appeal pursuant to 47 U.S.C. § 332 (c)(7)(B)(v), which grants this Court jurisdiction to review any state or local administrative decision that denies permission to build "personal wireless services facilities" as that term is defined by federal statute. 47 U.S.C. § 332 (c)(7)(C).

Nextel has moved for summary judgment. In its Memorandum in connection with that Motion, it explains why all parties entitled to notice and to be joined have been notified and have been joined. The owners of one of the parcels abutting the site of Nextel's proposed facility nevertheless now seek to intervene. Intervention should be denied, in particular because the proposed intervenors did not timely seek to intervene in Hanson I, and also because they raise arguments which are merely cumulative and duplicative, i.e., their interests herein are already adequately represented by the Town and by the State Board.

I.  **The Only Parties Entitled To Participate In Either Of The Two Nextel Appeals Are State Or Local Governments, Or The Instrumentalities Thereof, Whose Decisions Are Being Challenged**

Nextel's appeal arises under 47 U.S.C. § 332 (c)(7)(B)(v) ("[a]ny person adversely affected by any final action . . . by a State or . . . or instrumentality thereof that is inconsistent with this paragraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis").

Certainly there is nothing on the face of this federal statute which required Nextel to give notice to, let alone to join, any party other than the Town and/or its instrumentalities.

No other federal constitutional statute or provision requires notice or joinder to anyone other than the municipal body involved.  Appeals brought under the TCA to challenge state or local administrative actions are not, for example, governed by the federal Administrative Procedure Act, 5 U.S.C. § 3500, et. seq.. See, e.g., Johnson v. Rodriguez, 943 F.2d 104, n.5 (1st Cir. 1991) (Administrative Procedure Act "does not purport to affect the review processes of state agencies or commissions"). [1]

The Federal Rules of Civil Procedure similarly do not afford persons situated like the proposed intervenors herein anything other than a very limited privilege to participate, and only under certain circumstances not present here:  abutters and other citizens perhaps might be permissively joined by the wireless carrier or by the municipality under Rule 20, but no party has asked for this relief in this case.

Nevertheless, if these abutters can demonstrate standing,[2] they certainly have the right to seek to intervene under Rule 24, even if they have not been joined by any party.  See Patterson v. Omnipoint Communications, 122 F.Supp.2d 222 (D.Mass 2000), aff'd 2001 WL 1590705 (1st Cir. (Mass)) (unpublished decision).  This potential privilege to participate should not, however, be overstated; it certainly does not create an automatic *right* to participate.  To the contrary, like

---

[1] And, as Nextel already explains in its Memorandum in support of its Motion for Summary Judgment, that Act does not, in any event, require notice to anyone other than the administrative agency involved in the decision which is being challenged.  Indeed, under the general federal procedural guidelines contained in the Administrative Procedure Act, even third parties who participated in the administrative agency proceedings have at best a limited ability to participate in subsequent judicial proceedings.  See Alabama Power Co. v. ICC, 852 F.2d 1361 (D.C. Cir. 1988) (corporation could not substitute itself as a plaintiff after original applicant decided to drop a challenge to an agency ruling); Louisiana Public Service Comm'n v. Fed. Energy Regulatory Comm'n , 174 F.3d 218 (D.C. Cir. 1999) (intervenors are permitted to address only those issues already raised by the parties).

[2] The abutters' standing is far from clear, at least under Massachusetts law.  They must plead and prove a special injury, see Denneny v. Seekonk, 59 Mass.App.Ct. 208 (Sept. 8, 2003), yet they admit they have only general "economic, aesthetic and safety concerns."  See Memorandum in Support of Motion for Leave to Intervene at 6.

anyone else, the abutters must establish each of the elements set forth in Rule 24(a)(2) of the Federal Rules of Civil Procedure in order to establish such a right.  This includes a showing that the parties' interests will not be adequately represented by an existing party.  See Moosehead San. Dist. v. S.G. Phillips Corp., 610 F.2d 49, 54 (1st Cir. 1979); accord United Nuclear Corp. v. Cannon, 696 F.2d 141, 145 (1st Cir. 1982).  Of course, where the goal of a citizen seeking to intervene is already being advanced by a government agency, there will be a strong presumption that the government agency is representing the interests of that citizen.  See United Nuclear, 696 F. 2d at 145; see also Mausolf v. Babbitt, 85 F.3d 1295 (8th Cir. 1996).  In that event, the party seeking to intervene will be required to show more than "a logical possibility of divergence" of interest must be shown.  See Resolution Trust Corp. v. City of Boston, 150 F.R.D. 449, 454 (D. Mass. 1993).

   A party seeking intervention by permission pursuant to Rule 24(b) may do so only if:  (1) the applicant's claim or defense and the main action have a question of law or fact in common, (2) the applicant's interests are not adequately represented by an existing party, and (3) intervention would not result in undue delay or prejudice to the original parties.  See Fed.R.Civ.P. 24(b).  As with intervention by right, any proposed permissive intervenor must overcome the presumption that the Town will adequately protect their interests.  See Tutein v. Daley, 43 F. Supp.2d 113, 131 (D. Mass. 1999) (explaining that where intervention of right was denied "based on the government's adequate representation, the case for permissive intervention diminishes . . . or disappears entirely").[3]  Here, the proposed intervenors argue, in essence, that

---

[3] Of course, assuming that an interested party is permitted to intervene, the intervenor would need to file a "timely application."  A party claiming to be adversely affected must intervene during the time frame in which an action is pending.  Intervention may not be used as a tool by which a party may collaterally attack a court order or consent decree.  See Brehmer v. Planning Board of Wellfleet, 238 F.3d 117, 122 (1st Cir. 2001); Patterson v. Omnipoint Communications, 122 F.Supp.2d 222 (D.Mass 2000), aff'd 2001 WL 1590705, at *1 (1st Cir. (Mass) (unpublished decision) (explaining that owners of land near a proposed wireless facility cannot attack a district court decree commanding the issuance of a permit by commencing a separate suit).  In this case, the proposed intervenors failed

Case 1:03-cv-12563-DPW    Document 22    Filed 01/30/2004    Page 5 of 7

they will do a better job explaining the relevant legal issues than will the Town or the State, but otherwise articulate no real basis sufficient to allow them to intervene.

It also is worth emphasizing again that even if the TCA evinced an intention to incorporate notice or joinder requirements which might be present in any state statute,[4] state law requirements would not have given the proposed intervenors a right to notice or to be joined. See M.G.L. ch. 40-A, § 17 (requiring applicant to serve only the municipality and the board's members). Indeed, under Massachusetts law, once notice is served on the Town, it is deemed to give third persons constructive notice of the appeal. See, generally, Konover Management v. Planning Board of Auburn, 32 Mass.App.Ct. 319 (1992) (explaining that strict construction of notice provisions is unnecessary because 'interested third parties [can] be forewarned [by the clerk] that the zoning status of the land is still in question'); Cappuccio v. Zoning Board, 496 N.E.2d 646 (Mass. 1986) (explaining that plaintiff's due process right to appeal was not violated where plaintiff did not receive notice of planning board's decision because plaintiff had a duty to inquire periodically with the town clerk to find out whether a decision had been filed).[5]

The absence of a right to notice once the case proceeds beyond the administrative level is entirely consistent with the presumption, discussed above, that municipal officials ordinarily must be presumed to act in the interest of their citizens. Whether the citizens are pleased with the outcome or not, they cannot turn every municipal action into a referendum. See Crosby v. County of Spokane, 137 Wash.2d. 296, 310-11, 971 P.2d 32, 40-41 (1999) (parties to zoning

---

to file a "timely application" in light of the fact that they never sought to intervene during the nine months that Hanson I was pending, or for more than a year thereafter.

[4] The TCA expressly states that Nextel had 30 days to appeal, whereas its state law counterpart requires an appeal to be commenced within 20 days. See M.G.L. ch. 40-A, § 17. Congress could have required an action to be brought within whatever time is specified by state or local law, but it did not do so, thus evincing an intent to subject actions brought under the TCA only to federal procedural requirements. Cf. French v. Banco Nacional De Cuba, 192 F. Supp. 579, 580 (S.D.N.Y. 1961) (explaining that creation of federal removal deadlines illustrated intent of Congress to harmonize divergent state rules).

[5] In the present case, if necessary Nextel will demonstrate that its federal court appeals were well publicized in Hanson and thus known to the proposed intervenors, yet they never attempted to intervene.

-5-

proceeding have no right to be joined in subsequent appeals); accord, Kramer v. Ercolini, No. MICV2003-02714C, Slip Op. (Mass.Super.Ct. October 28, 2003); 3 Rathkopf's The Law of Zoning and Planning, §57.53 (explaining that '[w]hen the enabling act does not require the giving of personal notice to any particular class of persons, e.g., to persons residing within a particular radius, failure to give them notice other than the ordinary published notice does not deprive them of their property without due process of law'). Stated simply, absent a clear statutory right to participate or some other unique circumstance, citizens must rely on their local government to protect their interests in land use litigation.

     The only authority contrary to the above authorities is the Rinaldi case, discussed by Nextel in its Memorandum in Support of Motion for Summary Judgment. The Rinaldi case lends some support to the abutters' position that they ought to be granted the status of "parties" in this dispute, but even assuming state procedural law applies here or that it otherwise should be considered, Rinaldi is bad law and, in any event, is distinguishable. See Nextel's Memorandum of Law in Support of Motion for Summary Judgment at pp. 14-16.

     In sum, under both federal and Massachusetts law, this Court quite properly proceeded to adjudicate Nextel's federal law claims in Hanson I without requiring joinder of additional parties, and it has properly proceeded in this case without requiring joinder of anyone other than the Town and the State Board. To the extent the proposed intervenors herein now seek to be heard herein, they simply wish to join in the chorus already formed by the voices of the State and the Town. They have failed, however, to demonstrate a sufficient basis under Rule 24 to allow their voices to be heard.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS**

By their attorneys,

**DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION**

Dated: January 30, 2004          By:  _____/s/_____
Steven E. Grill, Esquire (*admitted pro hac vice*)
111 Amherst Street, P.O. Box 719
Manchester, NH 03105-0719
(603) 669-1000

**CERTIFICATE OF SERVICE**

I hereby certify on this 30th day of January 2004, a copy of the foregoing *Memorandum of Law in Opposition to Motion to Intervene* was served upon Katharine Doyle, Esquire, counsel for the Town; Assistant Attorney General John Hitt, counsel for the State Board; and, Paul J. Moriarty, Esquire, counsel to Mr. and Mrs. DeFrancesco.

_____/s/_____
Steven E. Grill, Esquire

J:\wdox\docs\clients\10339\55130\M0548308.DOC